**Lonnie Wayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53247.**

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Will Gray, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. As enhanced, the punishment was assessed by the jury at 30 years' confinement in the Texas Department of Corrections.

The record reflects that appellant and two companions robbed at gunpoint the proprietor of a pool hall and domino parlor in Houston.

By supplemental brief, appellant urges fundamental error in that the charge ". . . authorized a conviction under every conceivable theory under V.T.C.A. Penal Code, Section 29.02 and Section 29.03, rather than limiting it to the theory alleged in the indictment." Appellant argues that our recent decision in *Robinson v. State*, 553 S.W.2d 371 (delivered July 13, 1977), is controlling. We agree and reverse.

Omitting the formal parts, the indictment in the case at bar alleged that the appellant ". . . did then and there while in the course of committing theft of one watch and money owned by Paul Schiro, hereafter styled the Complainant, and with intent to obtain and maintain control of the property intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

The court charged the jury

"Now if you find from the evidence beyond a reasonable doubt that on or about the 12th day of January, 1975 in _____ County, Texas, the defendant, did, without the effective consent of Paul

Schiro the owner, take and exercise control over the corporeal personal property of Paul Schiro to-wit, one watch and money from the possession of Paul Schiro with intent then and there to deprive Paul Schiro of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said watch and money intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts if you do so find, the defendant caused serious bodily injury to Paul Schiro or defendant used or exhibited a deadly weapon, to-wit, a pistol then you will find the defendant guilty of aggravated robbery as charged in the indictment.

"If you find from the evidence that the defendant committed the offense of robbery, as herein defined, but you have a reasonable doubt as to whether he caused serious bodily injury to Paul Schiro or as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery, and not of aggravated robbery.

"If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict not guilty."

As can be seen, the indictment alleged robbery under V.T.C.A., Penal Code, Section 29.02(a)(2), by alleging that the appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death. The indictment then alleged the aggravating factor "by using and exhibiting a deadly weapon, namely, a pistol." V.T.C.A., Penal Code, Section 29.03(a)(2).

The instant indictment and charge are practically identical to those in *Robinson, supra.* In *Robinson*, we held

"This charge authorized the jury to convict the appellant as charged of aggravated robbery if they found, among other things, he intentionally, knowingly or recklessly caused bodily injury to the complainant and if they further found, beyond a reasonable doubt, the appellant caused serious bodily injury to the complainant. This was simply not alleged in the indictment. Further, the charge would have authorized a conviction for aggravated robbery if the jury found he intentionally, knowingly or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not alleged either. In fact, the charge authorized a conviction under every conceivable theory under V.T.C.A., Penal Code, Section 29.02 and Section 29.03, rather than limiting it to the theory alleged in the indictment."

*Accord Dowden v. State*, 537 S.W.2d 5, 7 (Tex.Cr.App.1976), and the other authorities cited in *Robinson, supra.*

Because of the fundamental error we recognize, we need not discuss appellant's other grounds of error.

The judgment is reversed and the cause is remanded.

DOUGLAS, Judge, dissenting.

The majority reversed this conviction because the charge permitted the jury to find appellant guilty of aggravated robbery under a theory not alleged in the indictment. Article 36.19, V.A.C.C.P., governing errors in the charge, provides in part that ". . . the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ." Because no objection was made to the charge, and because no harm has been shown to appellant, the judgment should be affirmed.

V.T.C.A., Penal Code, Section 29.02, provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

V.T.C.A., Penal Code, Section 29.03, provides:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

The indictment alleged, in substance, that appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death by using and exhibiting a pistol while in the course of committing theft. The court's charge authorized the jury to convict appellant of aggravated robbery upon a finding that the allegations in the indictment were true, and further authorized a conviction for the same offense upon a finding that appellant had caused serious bodily injury to appellant while in the course of committing theft. A fair evaluation of this charge, however, requires an evaluation in the context of the entire record.

The evidence presented at trial shows that the complainant, Paul Schiro, owned a pool hall and domino parlor in Houston. On January 12, 1975, appellant and two other men entered the establishment and robbed Schiro and several customers at gunpoint. While the robbers made the customers lie on the floor, appellant ordered Schiro to come to the front of the building. Appellant told him that he had been "casing" the establishment during the three months preceding the robbery.

Although appellant had his own pistol, he found Schiro's .38 caliber revolver behind the counter and started waiving it in the air, saying that he was "badder than Al Capone ever was." The robbers then made Schiro lie on the floor in front of a confectionary counter. They tied his hands behind him and put a chair over his head before they left.

Schiro testified that he was afraid the robbers would injure or kill him, but that they did not hurt anyone. He further testified that he gave the robbers his money because they exhibited guns.

The record is clear that appellant placed the complainant in fear of his life by displaying and exhibiting a gun. There is no evidence whatsoever that anybody sustained a bodily injury during the robbery. While the jury charge is not a model of clarity, it could not have misled any jury under the facts of this case. No harm is shown. Moreover, ". . . by failing to object to the jury charge", appellant may have ". . . injected into the trial process the very type of error which the objection requirement was designed to avoid." *Henderson v. Kibbe*, 431 U.S. 145, 157, 97 S.Ct. 1730, 1738, 52 L.Ed.2d 203, 214 (1977) (Burger, J., concurring).

No reversible error is shown. The judgment should be affirmed.