Carlee EDMOND, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54143, 54144.

Court of Criminal Appeals of Texas, Panel No. 3.

May 31, 1978.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

These are appeals from convictions for attempted murder [Cause No. 23,421 in the District Court of Bell County (our Cause No. 54,143)] and aggravated robbery [Cause No. 23,422 in the District Court of Bell County (our Cause No. 54,144)]. The jury assessed the appellant's punishment at 20 years' confinement in Cause No. 23,421 (our Cause No. 54,143) and 50 years' confine-

ment in Cause No. 23,422 (our Cause No. 54,144).

The appellant's sole contention in both cases is that during the prosecutor's final argument to the jury at the guilt or innocence stage of the trial, the prosecutor commented on the appellant's failure to testify. We overrule this contention, but due to fundamental error in the court's charge to the jury, the judgment in Cause No. 23,422 (our Cause No. 54,144) is reversed.

The evidence reflects that on July 10, 1975, at approximately 12:30 p. m., Libbie Jansky was walking down an alley between Main Street and Avenue A in Temple. As Jansky proceeded down the alley, she noticed a man, subsequently identified as the appellant, walking up the alley towards her. She also noticed that the appellant's right hand was in his right hand pants pocket. As the appellant approached her, he pulled a small pistol from his right hand pants pocket. Jansky immediately began screaming. The appellant told her to "shut up," and when she did not comply with his command, the appellant hit her with the hand in which he was grasping the pistol. Jansky fell to the ground, and when she got up, the appellant was running up the alley. Jansky also noticed that her purse was missing.

Oliver Trulove, who was eating lunch at Alice's Cafe, heard Jansky's screams. He went to the back door of Alice's Cafe, which opened onto the alley, in time to see the appellant hit Jansky. He saw the appellant start to run down the alley, reverse his direction, and run up the alley. As the appellant neared the portion of the alley outside of Alice's Cafe, Trulove started to yell. The appellant fired his pistol at Trulove, striking Trulove in the side of the head.

Thereafter, the appellant was observed by a number of people as he tried to escape. During the appellant's attempted escape, he abandoned Jansky's purse. The appellant was subsequently apprehended by Officers Miller and Elliott of the Temple Police Department at some nearby apartments. A .22 caliber pistol was seized from the appellant's right pants pocket when he was arrested.

■ The appellant's sole contention in both cases is that the prosecutor commented on the appellant's failure to testify. The appellant complains of the following portion of the prosecutor's argument:

[PROSECUTOR] "Ladies of the jury, actually there is only one question or one point in this case that we are really concerned about, and that point or that question is accountability. Accountability. There has really been no contradictory testimony—

[DEFENSE ATTORNEY]: "Your Honor, I am going to object to that as being a comment on the defendant's failure to testify.

[PROSECUTOR]: "Your Honor, it is not meant as such. He called no witnesses as to the facts of this case, and I believe I am entitled to comment on that.

"THE COURT: The objection is overruled.

.[DEFENSE ATTORNEY]: "Thank you, Your Honor."

Immediately after the foregoing, the prosecutor stated:

[PROSECUTOR]: "You are charged in your charge that you are not to consider the fact that the defendant did not testify as to any indication of guilt, and I urge you to follow that portion of the charge as you were so instructed. I am not referring to that. What I am saying is that there has been no contradiction of the facts of this case. They are clear cut and set out to you and there can really be no doubt. We have proved that more than beyond a reasonable doubt. We talked about my burden of proof was not beyond a shadow of a doubt, but beyond a reasonable doubt. In all honesty I believe that I have proven that Carlee Edmond committed these two offenses beyond a shadow of a doubt. There were several eye witnesses. He was identified. The weapon he used was identified. There could be no doubt that he was the one who committed this crime. The only

question is accountability. Is he going to be called to account for what he has done, or is he going to walk out of this courtroom a free man? If he is found not guilty by reason of insanity, that would be the effect of your verdict."

In *Nowlin v. State,* 507 S.W.2d 534, 536 (Tex.Cr.App.1974), we stated:

"The rule is well established by this Court that before an argument of the prosecution will constitute a comment on the failure of the appellant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the appellant must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion. *Turner v. State,* 504 S.W.2d 843 (Tex.Cr.App.1974); *Armstrong v. State,* 502 S.W.2d 731 (Tex.Cr. App.1973); *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967); *Richardson v. State,* 172 Tex.Cr.R. 299, 356 S.W.2d 676 (1962)."

In the present case, the appellant's defense was insanity at the time of the commission of the offense. The appellant called only one witness, Dr. Roger Macery. Macery, who was appointed by the trial court to examine the appellant, testified that at the time of the commission of the offenses the appellant "was not capable of conforming his conduct to the requirements of the law," the appellant did not know that his conduct was wrong, and that this was a result of schizophrenia.

In light of the defensive testimony, we construe the prosecutor's final argument not as a comment on the appellant's failure to testify, but as a comment on the appellant's defensive theory and a plea for law enforcement. No error is shown. Appellant's contention is overruled.

▇ Our review of Cause No. 23,422 (our Cause No. 54,144) has revealed fundamental error in the charge.

V.T.C.A., Penal Code, Section 29.02(a) states:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

V.T.C.A., Penal Code, Section 29.03(a), states:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon."

In the present case, the indictment in Cause No. 23,422 (our Cause No. 54,144) stated in pertinent part that on July 10, 1975, the appellant

"did then and there, while in the course of committing theft of good and lawful U. S. Currency, hereinafter called 'the property,' from Libbie Jansky, with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a pistol, knowingly and intentionally threaten and place Libbie Jansky in fear of imminent bodily injury and death . . . ."

It is clear that the indictment alleged that the appellant committed robbery under V.T.C.A., Penal Code, Section 29.02(a)(2), by alleging that the appellant intentionally and knowingly threatened and placed Libbie Jansky in fear of imminent bodily injury and death, and further alleged that the offense was aggravated under V.T.C.A., Penal Code, Section 29.03(a)(2), by alleging that the appellant used and exhibited a deadly weapon.

The pertinent portion of the trial judge's charge stated:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 10th day of July, 1975, in Bell County, Texas, the defendant, Carlee Ed-

mond, while not insane, as hereinafter defined, did, without the effective consent of Libbie Jansky, the owner, take and exercise control over the corporeal personal property of Libbie Jansky, to-wit: money, from the possession of Libbie Jansky, with intent then and there to deprive Libbie Jansky of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said money, intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyou nd a reasonable doubt that in so doing the foregoing acts, *if you do so find, the defendant caused serious bodily injury to Libbie Jansky or defendant used or exhibited a deadly weapon, to-wit: a gun,* then you will find defendant guilty of aggravated robbery as charged in the indictment." (Emphasis added)

It is clear that the charge properly authorized a conviction for robbery under V.T.C.A., Penal Code, Section 29.02(a)(2). However, as the emphasized portion of the charge reveals, the jury was authorized to convict the appellant for aggravated robbery if they found that the appellant either caused serious bodily injury to Libbie Jansky *or* if the appellant used or exhibited a deadly weapon.

In *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977), the indictment alleged that the defendant had committed robbery under V.T.C.A., Penal Code, Section 29.-02(a)(2) and further alleged that the robbery was aggravated under V.T.C.A., Penal Code, Section 29.03(a)(2). The charge in *Robinson,* however, authorized the jury to convict the defendant under every conceivable theory under V.T.C.A., Penal Code, Sections 29.02(a) and 29.03(a). We there stated that

"[W]hile the charge authorized a conviction upon the theory alleged in the indictment, it also authorized a conviction upon every other conceivable theory under Sec. 29.02 and Sec. 29.03 which was not alleged in the indictment. We conclude that fundamental error is reflected

and the conviction . . . must be reversed."

*Id.* at 375.

See also *Cleland v. State* (Tex.Cr.App. 1978); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App.1976).

In the present case, the charge in Cause No. 23,422 (our Cause No. 54,144) authorized the jury to convict the appellant on a theory not alleged in the indictment. This was fundamental error.

The judgment in Cause No. 23,422 (our Cause No. 54,144) is reversed and the cause is remanded. The judgment in Cause No. 23,421 (our Cause No. 54,143) is affirmed.

VOLLERS, J., dissents.