Marvin SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 59003.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

No appearance for appellant.

No appearance for appellee.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

---

## OPINION

**TOM G. DAVIS, Judge.**

Appellant was convicted by a jury for aggravated robbery. The jury assessed punishment at imprisonment for 40 years. From a judgment and sentence reciting that appellant was convicted of "attempted aggravated robbery," appellant gave notice of appeal.

The indictment alleged the offense of aggravated robbery under V.T.C.A., Penal Code, Sections 29.02(a)(2) and 29.03(a)(2). In pertinent part, it alleged that, on or about March 18, 1977, the appellant "did then and there while in the course of committing theft and with intent to obtain property of Mr. Warren Garrison the owner of the following described property, to-wit: 1976 Mercury automobile without the effective consent of said owner and intent to deprive the said owner of said property, did then and there by using and exhibiting a deadly weapon, to wit: a 38 special revolver, intentionally and knowingly place Warren Garrison in fear of imminent bodily injury. . . ."

In applying the law to the facts in its charge to the jury, the trial court not only authorized the jury to convict appellant if they found him guilty as alleged in the indictment; but, the trial court also allowed the jury to convict appellant if they found that appellant committed the robbery by "then and there intentionally, knowingly, or recklessly caused bodily injury to said Warren Garrison. . . ." Consequently, the trial court allowed the jury to convict appellant if they found he committed robbery under V.T.C.A., Penal Code, Section 29.02(a)(1), a manner of committing robbery which was not alleged in the indictment. This charge, then, was fundamentally erroneous and the cases of *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977), and *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App. 1977), require reversal of appellant's conviction.

The judgment is reversed and the cause is remanded.