Lehman George DONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 54629.

Court of Criminal Appeals of Texas,
Panel No. 1.

Dec. 13, 1978.

William W. Chambers, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Marvin L. Collins, Greg Pipes, Burney Walker and Candyce W. Howell, Asst. Dist. Attys., Fort Worth, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, with the finding of one prior conviction, was assessed at 25 years' imprisonment.

At the outset, we are confronted with fundamental error in the charge which dictates that we reverse the judgment.

The pertinent part of the indictment alleges that the appellant

"intentionally and knowingly while in the course of committing theft and with intent to obtain and maintain control of property of George M. Bond, the owner, to-wit: money without the effective consent of George M. Bond and with intent to deprive George M. Bond of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a firearm, intentionally and knowingly threaten and place George M. Bond in fear of imminent bodily injury and death; . . . .."

It is apparent that appellant was charged with aggravated robbery pursuant to V.T. C.A., Penal Code, Sections 29.02(a)(2) and 29.03(a)(2). However, the court's charge to the jury at the guilt or innocence stage of the trial provided:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 24th day of September, 1975, in Tarrant County, Texas, the defendant, Lehman George Donald, did, without the effective consent of George M. Bond, the owner, take and exercise control over the corporeal personal property of George M. Bond, to-wit, money, from the possession

of George M. Bond, with intent then and there to deprive George M. Bond of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said money, <u>intentionally, knowingly, or recklessly cause bodily injury to said owner</u> or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you find from the evidence beyond a reasonable doubt that in so doing these foregoing acts, if you do so find, <u>the defendant caused serious bodily injury to George M. Bond,</u> or defendant used or exhibited a deadly weapon, to-wit, a firearm, then you will find defendant guilty of aggravated robbery as charged in the indictment."

The underlined portions of the above charge reflect two instances in which the charge authorized jury findings of actions which were not alleged in the indictment. The first underlined provision permitted the jury to convict appellant of robbery on a theory not alleged in the indictment. The second underlined provision permitted the jury to find the robbery, if found to have been committed, to have been aggravated under either theory of Article 29.03(a).

This charge suffers from the same fundamental error as found in *Robinson v. State,* 553 S.W.2d 371.

Fundamental error being present, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The judgment should be affirmed for the reasons set out in *Williams v. State,* 535 S.W.2d 352 (Tex.Cr.App.1976), and in *Brewer v. State,* Tex.Civ.App., 572 S.W.2d 940 (1978) (dissenting opinion).