Charles Albert **BRIDGES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59062.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 13, 1978.

Steven F. Gamble, Longview, court appointed on appeal, for appellant.

Odis R. Hill, Dist. Atty., Longview, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, assessed under V.T.C.A., Penal Code Sec. 12.42(c), is fifty years.

By supplemental brief counsel urges fundamental error in the jury charge. The indictment alleges that appellant did:

"... while in the course of committing theft, *knowingly and intentionally place Juanita Dorsey in fear of imminent bodily injury by exhibiting a deadly weapon, namely, a handgun,* with the intent to obtain control of $350.00 money of the United States, the property of Juanita Dorsey, without her effective consent and with the intent to deprive her of her property. ..." (Emphasis added.)

It is plain that this indictment charges aggravated robbery under parts of V.T.C.A., Penal Code Secs. 29.02(a)(2) and 29.03(a)(2):

"Sec. 29.02. Robbery

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent

to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) *intentionally or knowingly* threatens or *places another in fear of imminent bodily injury* or death.

"(b) . . . (Emphasis added.)

"Sec. 29.03. Aggravated Robbery

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or *exhibits a deadly weapon.*

"(b) . . . (Emphasis added.)

The jury was instructed, in the application of the law to the facts, to convict appellant if they found facts under *any* theory of aggravated robbery:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of December, 1975, in Gregg County, Texas, the Defendant, Charles Albert Bridges, with intent to deprive Juanita Dorsey, the owner, of her personal property, to wit, money belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Juanita Dorsey said money belonging to Juanita Dorsey, and that the Defendant, in so doing, and with intent to obtain or maintain control of said money, then and there *intentionally or knowingly caused bodily injury to said Juanita Dorsey* or the Defendant then and there intentionally or knowingly *threatened or* placed said owner in fear of imminent bodily injury *or death*, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, *caused serious bodily injury to Juanita Dorsey or* that Defendant *used or* exhibited a deadly weapon, to wit, *a firearm*, then you will find Defendant guilty of aggravated robbery, as charged in the indictment." (Emphasis added.)

The jury charge manifestly went beyond the allegations of the indictment in its au-
thorization for a guilty verdict: it submitted the theories of causing bodily injury, Sec. 29.02(a)(1), of threatening imminent bodily injury or death, Sec. 29.02(a)(2), of placing in fear of death, Sec. 29.02(a)(2), of causing serious bodily injury, Sec. 29.02(a)(1), of using a deadly weapon, Sec. 29.02(a)(2), and submitted the description of the deadly weapon as "a firearm" rather than the more specific "handgun" as alleged in the indictment.

It is clear that the jury charge went far beyond the allegations of which appellant was informed in the indictment. Under recent authority this error is fundamental and requires reversal. *Jones v. State*, Tex. Cr.App., 566 S.W.2d 939; *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303; *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371.

The judgment is reversed and the cause remanded.