**John David MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 54986.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 20, 1978.

Bruce K. Bornefeld, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Keno M. Henderson, Jr., Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

Appellant was convicted by a jury of the offense of aggravated robbery. The court assessed punishment at 15 years and 1 day. Appellant raises numerous grounds of error, but we can dispose of this cause under ground of error number four.

The indictment in this cause accused appellant of committing aggravated robbery by alleging in part that on or about May 17, 1974, appellant did:

> "while in the course of committing theft of money owned by Vernon Lee Roberson, hereafter styled the Complainant, and with intent to obtain the maintain control of the property, intentionally and knowingly *cause serious bodily injury* to the Complainant." (Emphasis added.)

The trial court instructed the jury that it could find appellant guilty of the offense of aggravated robbery if it found that he did, in the course of committing, theft, intentionally, knowingly or recklessly cause bodily injury to the victim, or knowingly threaten or place the victim in fear of imminent bodily injury or death. The court further instructed the jury that the robbery became aggravated *if it found that* appellant caused serious bodily injury to the victim or used or exhibited a deadly weapon in committing the robbery.

Since the indictment only alleged that appellant caused serious bodily injury and the court's charge to the jury submitting both alternative grounds for aggravated robbery under V.T.C.A., Penal Code, Section 29.03(a), it appears that the trial court committed fundamental error in authorizing the jury to convict the appellant upon a theory not alleged in the indictment. Under the prior decisions of this Court the fact that appellant made no objection to the court's charge is immaterial.[1] *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1971); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.

---

1. This writer feels that although such an interpretation appears to be a complete contradiction to the provisions of Article 36.19, V.A.C. C.P. and many prior decisions of this Court, a majority of this court, En Banc, have decided that this is the law. Although misguided (see *Brewer v. State*, supra, dissenting opinion), such a decision by a majority of the Court is controlling, and is the law.

1977); *Brewer v. State*, 572 S.W.2d 719 (Tex.Cr.App.1978).

For these reasons the judgment is reversed and the cause is remanded.