**Steven Roy CLEMENTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57299.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 24, 1979.

Will Gray, Houston, on appeal only for appellant.

Carol S. Vance, Dist. Atty., Ned B. Morris, and Henry K. Oncken, Asst. Dist. Attys., Houston, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery; the punishment, enhanced by two prior felony convictions, is imprisonment for life.

The appellant asserts that he is entitled to a reversal of the judgment because the charge authorizes the jury to convict him on a theory not alleged in the indictment.

In the indictment it is alleged that the appellant:

" . . . did then and there unlawfully commit an offense hereafter styled the primary offense, in that he did while in the course of committing theft of watches, men's rings and three jewelry display cases owned by Charles Mize, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

The jury was instructed:

"In this case you are instructed that if you believe the defendant, Steven Ray Clements, acted together with another or others with intent to promote or assist the commission of the offense by another or others by encouraging, directing, aiding, or attempting to aid another or others to commit the offense alleged in the indictment, to-wit, that in Harris County, Texas, on August 17, 1975 they did, without the effective consent of Charles Mize, the owner, take and exercise control over the corporeal personal property of Charles Mize, to-wit, watches, men's rings and three jewelry display cases from the possession of Charles Mize with intent then and there to deprive Charles Mize of said property, and that said person or persons, in so doing, and with intent to acquire and maintain control of said property *intentionally, knowingly, or recklessly caused bodily injury to said owner* or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, *the said person or persons caused serious bodily injury to Charles Mize* or the person or persons used or exhibited a deadly weapon, to-wit, a pistol, then you will find the defendant guilty as charged in the indictment." (Emphasis added.)

The jury instruction does authorize a conviction for a theory not charged in the indictment. There was no objection to the charge at the time of trial. The author of this opinion is of the belief that in these circumstances where no objection to the charge has been made this Court should determine from the record whether harm results from the giving of an erroneous charge. See the opinion which I authored while a Commissioner in *Williams v. State,* 535 S.W.2d 352 (Tex.Cr.App.1976). However, the majority of this Court has since held that the error is fundamental and reversal is mandated in instances such as this. See e. g., *Gooden v. State,* 576 S.W.2d 382

(Tex.Cr.App. 1979); *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977); *Edmond v. State*, 566 S.W.2d 609 (Tex.Cr. App.1978); *Jones v. State*, 566 S.W.2d 939 (Tex.Cr.App.1978); *Smith v. State*, 570 S.W.2d 958 (Tex.Cr.App.1978); *Brewer v. State*, 572 S.W.2d 940 (Tex.Cr.App.1978); *Armstead v. State*, 573 S.W.2d 231 (Tex.Cr. App.1978); *Johnson v. State*, 573 S.W.2d 778 (Tex.Cr.App.1978); *Cleland v. State*, 575 S.W.2d 296 (Tex.Cr.App.1978); *Fella v. State*, 573 S.W.2d 548 (Tex.Cr.App.1978); *Bridges v. State*, 574 S.W.2d 143 (Tex.Cr. App.1978); *Donald v. State*, 574 S.W.2d 119 (Tex.Cr.App.1978); *Moore v. State*, 574 S.W.2d 553 (Tex.Cr.App.1978).

The holdings in these cases govern and this case must be reversed and remanded for new trial.

The judgment is reversed and the cause is remanded.