**Charles Ray GOODEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53807.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 24, 1979.

William C. Denton, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

Appellant was convicted of the offense of aggravated robbery, and the jury assessed his punishment, enhanced by one prior felony conviction, at twenty-five years confinement in the Texas Department of Corrections.

On original submission, this appeal was affirmed by this Court in a per curiam opinion, 558 S.W.2d 897, delivered December 7, 1977. Leave to file appellant's motion for rehearing was granted on January 18, 1978. In this motion for rehearing, appellant raises a ground of error not previously raised on original submission. He now contends that there is fundamental error in the court's charge to the jury.

The indictment in the instant case alleges in part that appellant:

". . . did then and there unlawfully while in the course of committing theft of one camera owned by Jack Robinson, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol . . ."

The trial court charged the jury:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of January, 1975 in Harris County, Texas, the defendant, Charles Ray Gooden, either acting alone or together with another or others, did without the effective consent of Jack Robinson the owner, take and exercise control over the corporeal personal property of Jack Robinson to-wit, one camera from the possession of Jack Robinson with intent then and there to deprive Jack Robinson of said property, and that said defendant, in so doing, and with intent to acquire and maintain control of said camera intentionally, knowingly or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to Jack Robinson or defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find defendant guilty of aggravated robbery as charged in the indictment.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty . . ."

The indictment in the instant case alleged robbery under V.T.C.A., Penal Code, Section 29.02(a)(2), by alleging that the appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death. The indictment then alleged the aggravating factor "by using and exhibiting a deadly weapon, namely, a pistol." V.T.C.A., Penal Code, Section 29.03(a)(2).

The instant indictment and charge are practically identical to those in *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977) and *Robinson v. State*, 553 S.W.2d 371 (Tex. Cr.App.1977). As this Court held in *Robinson* and reaffirmed in *Davis*,

"This charge authorized the jury to convict the appellant as charged of aggravated robbery if they found, among other things, he intentionally, knowingly or recklessly caused bodily injury to the complainant and if they further found beyond a reasonable doubt, the appellant caused serious bodily injury to the complainant. This was simply not alleged in the indictment. Further the charge would have authorized a conviction for aggravated robbery if the jury found he intentionally, knowingly or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not alleged either. In fact, the charge authorized a conviction under every conceivable theory under V.T.C.A., Penal Code Section 29.02 and Section 29.03, rather than limiting it to the theory alleged in the indictment."

In both cases, we held this error in the charge to be fundamental, requiring reversal even though no objection was made to the charge at trial. In the instant case, no objection to the charge was made, but since the charge authorizes a conviction on a theory not charged in the indictment, we find fundamental error.[1]

Appellant's motion for rehearing is granted and the judgment is reversed and the cause remanded.

DALLY, Judge, concurring.

The jury instruction does authorize a conviction for a theory not charged in the indictment. Such a charge constitutes error; however, there was no objection to the charge at the time of trial. I believe that in these circumstances, where no objection to the charge has been made in the trial court, this Court, should determine from the record whether harm resulted from the giving of the erroneous charge. See the opinion which I authored while a Commissioner in *Williams v. State*, 535 S.W.2d 352 (Tex. Cr.App.1976). However, the majority of this Court has since held that the error is

---

1. I believe the better reasoning applicable to this case is that in *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976) but since this

Court has overruled *Williams* by the *Robinson* and *Davis* cases, I reluctantly concur.

fundamental and reversal is mandated in instances such as this. E. g., *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App. 1977); *Edmond v. State*, 566 S.W.2d 609 (Tex.Cr.App.1978); *Jones v. State*, 566 ·S.W.2d 939 (Tex.Cr.App.1978); *Smith v. State*, 570 S.W.2d 958 (Tex.Cr.App.1978); *Brewer v. State*, 572 S.W.2d 940 (Tex.Cr. App.1978); *Armstead v. State*, 573 S.W.2d 231 (Tex.Cr.App.1978); *Johnson v. State*, 573 S.W.2d 778 (Tex.Cr.App.1978); *Cleland v. State*, 575 S.W.2d 296 (Tex.Cr.App.1978); *Fella v. State*, 573 S.W.2d 548 (Tex.Cr.App. 1978); *Bridges v. State*, 574 S.W.2d 143 (Tex.Cr.App.1978); *Donald v. State*, 574 S.W.2d 119 (Tex.Cr.App.1978); *Moore v. State*, 574 S.W.2d 553 (Tex.Cr.App.1978).

I have again expressed my view which I still believe is correct, but the law of this State is now expressed by the majority in the numerous cases cited; therefore, I concur in the reversal of the judgment in this case.

DOUGLAS and TOM G. DAVIS, JJ., join in this concurring opinion.