Fred Thomas ELLISON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56731.

Court of Criminal Appeals of Texas, Panel No. 1.

April 25, 1979.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Lupe Salinas and Robert A. Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated robbery, wherein the punish-

ment, enhanced by two prior convictions, was assessed at life.

By supplemental brief, appellant urges fundamental error, in that the charge to the jury authorized a conviction under every conceivable theory under V.T.C.A. Penal Code, Sec. 29.02 and Sec. 29.03, rather than limiting it to the theory alleged in the indictment. We agree.

The indictment in the instant case alleges, in part, that appellant,

"did while in the course of committing theft of beer and wine owned by Elizabeth Standley, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a knife."

The trial court charged the jury:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 29th day of October, 1975, in Harris County, Texas, the Defendant, Fred Thomas Ellison, Jr., did, without the effective consent of Elizabeth Standley, the owner, take and exercise control over the corporeal personal property of Elizabeth Standley, to-wit, beer and wine, from the possession of Elizabeth Standley of said beer and wine and that said Defendant, in so doing, and with intent to acquire and maintain control of said property, intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the Defendant caused serious bodily injury to Elizabeth Standley or Defendant used or exhibited a deadly weapon, to-wit, a knife, then you will find Defendant guilty of aggravated robbery as charged in the indictment.

"If you find from the evidence that the Defendant committed the offense of rob-bery, as herein defined, but you have a reasonable doubt as to whether he caused serious bodily injury to Elizabeth Standley or as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the Defendant guilty only of robbery, and not of aggravated robbery."

The indictment in the instant case alleged robbery under V.T.C.A. Penal Code, Section 29.02(a)(2) by alleging that the appellant intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death. The indictment then alleged the aggravating factor "by using and exhibiting a deadly weapon, namely, a knife." V.T.C.A. Penal Code, Section 29.03(a)(2).

The instant indictment and charge are practically identical to those in *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App. 1977); and *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977). As this Court held in *Robinson*, and reaffirmed in *Gooden*,

"This charge authorized the jury to convict the appellant as charged of aggravated robbery if they found, among other things, he intentionally, knowingly or recklessly caused bodily injury to the complainant and if they further found beyond a reasonable doubt, the appellant caused serious bodily injury to the complainant. This was simply not alleged in the indictment. Further, the charge would have authorized a conviction for aggravated robbery if the jury found he intentionally, knowingly or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not alleged either. In fact, the charge authorized a conviction under every conceivable theory under V.T.C.A. Penal Code, Section 29.02 and Section 29.03, rather than limiting it to the theory alleged in the indictment."

In these cases, we held this error in the charge to be fundamental, requiring reversal, even though no objection was made to

the charge at trial. In the instant case, no objection to the charge was made, but since the charge authorizes a conviction on a theory not charged in the indictment, we find fundamental error.

The judgment is reversed and the cause remanded.