**Rudolph THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59619.

Court of Criminal Appeals of Texas, Panel No. 1.

May 9, 1979.

Leonard M. Roth, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John S. Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for three counts of aggravated robbery. Punishment was assessed at ten (10) years confinement in each count.

Although not raised by appellant, we, in the interest of justice, find fundamental error in each count and reverse. In each count, the charge to the jury authorized conviction under every conceivable theory under V.T.C.A. Penal Code, Sec. 29.02 and Sec. 29.03, rather than limiting it to the theories alleged in the indictment.

The three-count indictment alleged, in part, that appellant:

". . . while in the course of committing theft of money owned by Ella Ray

Rawlinson, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

and that he:

". . . did then and there unlawfully while in the course of committing theft of money owned by Tommy Mead, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

and that he:

". . . did then and there unlawfully while in the course of committing theft of money owned by Bill Carter, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

The trial court charged the jury:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of February, 1977 in Harris County, Texas, the defendant, Rudolph Thomas, Jr., in the first count of the indictment, with intent to deprive Ella Ray Rawlinson, the owner, of his personal property, to wit, money, belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Ella Ray Rawlinson said money belonging to Ella Ray Rawlinson, and that the defendant, in so doing, and with intent to obtain or maintain control of said money, then and there intentionally, knowingly, or recklessly caused bodily injury to said Ella Ray Rawlinson or that the defendant then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, caused serious bodily injury to Ella Ray Rawlinson or that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find defendant guilty of aggravated robbery, as charged in the first count of the indictment."

and,

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of February, 1977 in Harris County, Texas, the defendant, Rudolph Thomas, Jr., in the second count of the indictment, with intent to deprive Tommy Mead, the owner, of his personal property, to wit, money, belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Tommy Mead said money belonging to Tommy Mead, and that the defendant, in so doing, and with intent to obtain or maintain control of said money, then and there intentionally, knowingly, or recklessly caused bodily injury to said Tommy Mead or that the defendant then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, caused serious bodily injury to Tommy Mead or that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find the defendant guilty of aggravated robbery, as charged in the second count of the indictment."

and,

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of February, 1977 in Harris County, Texas, the defendant, Rudolph Thomas, Jr., in the third count of the indictment, with intent to deprive Bill Carter, the owner, of his personal property, to wit, money, belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Bill

Carter said money belonging to Bill Carter, and that the defendant, in so doing, and with intent to obtain or maintain control of said money, then and there intentionally, knowingly, or recklessly caused bodily injury to said Bill Carter or that the defendant then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, caused serious bodily injury to Bill Carter or that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find defendant guilty of aggravated robbery, as charged in the third count of the indictment."

The indictment in the instant case alleged three counts of robbery under V.T.C.A. Penal Code, Section 29.02(a)(2) by alleging that the appellant intentionally and knowingly threatened and placed the three complainants in fear of imminent bodily injury and death. Each count then alleged the aggravating factor "by using and exhibiting a deadly weapon," namely, a "pistol." V.T.C.A. Penal Code, Section 29.03(a)(2).

The instant indictment and charges are practically identical to those in *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App. 1977); and *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977). As this Court held in *Robinson*, and reaffirmed in *Gooden*,

"This charge authorized the jury to convict the appellant as charged of aggravated robbery if they found, among other things, he intentionally, knowingly or recklessly caused bodily injury to the complainant and if they further found, beyond a reasonable doubt, the appellant caused serious bodily injury to the complainant. This was simply not alleged in the indictment. Further, the charge would have authorized a conviction for aggravated robbery if the jury found he intentionally, knowingly or recklessly caused bodily injury by using and exhibiting a deadly weapon. This was not al-

leged either. In fact, the charge authorized a conviction under every conceivable theory under V.T.C.A., Penal Code, Section 29.02 and Section 29.03, rather than limiting it to the theory alleged in the indictment."

In these cases, we held this error in the charge to be fundamental, requiring reversal, even though no objection was made to the charge at trial. In the instant case, no objection to this charge was made, but since the charge authorizes a conviction on theories not charged in the indictment, we find fundamental error.

The judgment is reversed and the cause remanded.