Jack YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 58603.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 27, 1980.

Michael M. Phillips, Angleton, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and L. E. Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for murder. Punishment, enhanced by two prior convictions, was assessed at life imprisonment.

At the outset, we note as unassigned error in the interest of justice,[1] fundamental error in the court's charge which mandates the reversal of appellant's conviction.

V.T.C.A. Penal Code, Section 19.02, provides that:

"(a) A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual;
(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

The indictment alleged that appellant: "intentionally and knowingly cause[d] the death of Andrew Hagger, Jr., by hitting him with a board."

The trial court charged the jury on both theories of murder, rather than just that theory alleged in the indictment. The charge authorized the jury to convict appellant of murder under either theory:

"Our law provides that a person commits murder if he intentionally or knowingly causes the death of an individual or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

\* \* \* \* \* \*

Now if you should find and believe from the evidence beyond a reasonable doubt that on or about the 1st day of April, 1976, in Harris County, Texas the defendant, Jack Young, did intentionally or knowingly cause the death of Andrew Hagger, Jr., by hitting him with a board as alleged in the indictment, *or did then* and there intend to cause serious bodily injury to the said Andrew Hagger and with said intent to cause such injury did commit an act clearly dangerous to human life to wit, hitting Andrew Hagger, Jr., as alleged in the indictment, then you will find the defendant guilty of murder . . ." (Emphasis added)

We have previously recognized that such a charge on the offense of murder, which authorizes conviction upon a theory not alleged in the indictment, is fundamentally defective. *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.1978); *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979); see also, *Fella v. State*, 573 S.W.2d 348 (Tex.Cr.App. 1978); *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977).[2]

Accordingly, the judgment is reversed and the cause remanded.

---

1. See Article 40.09, Section 13, Vernon's Ann. C.C.P.

2. We note that appellant submitted to the court a complete requested charge. This requested charge *did* contain an abstract charge on both theories of murder. However, the requested charge did *not* authorize conviction on the theory not alleged in the indictment. Compare *Plunkett v. State*, 580 S.W.2d 815 (Tex.Cr.App. 1979) (on Motion for Rehearing).