James Albert DUKES, Olin Taylor Dukes and Roger Deland Johnson, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 59453–59455.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 21, 1981.

Ronald Ned Dennis, Marshall, for appellants.

Sam F. Baxter, Dist. Atty., Marshall, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and SAM HOUSTON CLINTON, JJ.

## OPINION

ROBERTS, Judge.

The appellants were tried together before a jury which found them guilty of aggravated robbery and assessed punishments of fifty years' confinement.

Johnson does not challenge the sufficiency of the evidence. James Dukes and Olin Dukes contend that the evidence was insufficient to corroborate the testimony of their accomplices, Pilot and Arnett. These accomplices testified that they, Johnson, the Dukes brothers, and a sixth man named Scott conspired to commit aggravated robbery at a certain bank in Harrison County. They drove to Marshall in James Dukes' car, stole a get-away car (abducting the driver in the process), committed the robbery, abandoned the stolen get-away car, and returned to Dallas. According to the accomplices, Scott and Olin Dukes remained outside the bank in the get-away car during the robbery while the other four went inside.

The requirement of corroboration of accomplice testimony is stated in V.A.C.C.P. Article 38.14:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The "other evidence" in the trial was as follows: The Head Teller of the bank identified James Dukes as one of the men who was inside the bank and behind the tellers' cages during the robbery, and who "held the Bank up." This was sufficient evidence to connect James Dukes with the offense; his ground of error is overruled. The Head Teller also identified Johnson, but she presented no evidence to connect Olin Dukes with the offense.

The president of the bank testified that he saw two men in the bank, but he could not identify them. The bookkeeper identified Johnson; she was "aware" of other robbers in the bank, but she could not identify them.

David Pipak testified that he was abducted when he stopped his car to help three men who appeared to be having trouble with their car. He identified two of the men as Johnson and Pilot; the other man was not identified. Pipak was forced to drive to an "old building," where he saw two other men. He could not identify the other men, although he described them as husky, light brown Negroes. Pipak was then locked in the trunk of his car, where he remained while the car was used in the robbery and abandoned. He escaped after seventeen hours and found that his tape player had been taken from the car.

An FBI agent testified that he found gloves, hats, and other clothes at the place where Pipak's car had been abandoned; these items were in a wastebasket which apparently had been taken from the bank. One of the pairs of gloves bore the name "P. Foard." Plummer Foard was the stepfather of James Dukes and Olin Dukes; he was a mechanic in Dallas. The FBI agent later found Pipak's tape player in Johnson's car in Dallas. The FBI agent was present at a lineup in which both James and Olin Dukes were exhibited; some bank employees and Pipak viewed the lineup, but they made no positive identification of anyone. No fingerprints or other tangible evidence was found.

A Texas Ranger testified that Pipak's tape player was recovered from Johnson's car. An employee of a stereo store identified the tape player as the one she had sold to Pipak.

The State contends that the gloves and the tape deck connected Olin Dukes with the offense, but they simply did not. There was no corroborative evidence that connected Olin Dukes with the offense. The conviction of Olin Dukes rests entirely on the testimony of accomplices. By the rule of V.A.C.C.P. Article 38.14, the evidence was insufficient and the conviction cannot be had. The judgment must be reversed, and an acquittal must be entered. *Ex parte Reynolds*, 588 S.W.2d 900 (Tex.Cr.App. 1979).

■ Although they do not require acquittals, other reversible errors afflicted the trial of James Dukes and Johnson. The appellants were accused of robbery by threats[1] with the aggravating element of using and exhibiting a deadly weapon.[2] The court's charges to the jury permitted convictions not only for those offenses but also for the offenses of robbery by causing bodily injury[3] and the aggravating factor of causing serious bodily injury.[4] The jury charges were identical to those in, *e. g.,*

*Gooden v. State*, 576 S.W.2d 382 (Tex.Cr. App.1979); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977); *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977). These fundamental errors require reversal. *Cumbie v. State*, 578 S.W.2d 732, 734 (Tex.Cr.App. 1979).

The judgment in Olin Dukes' case (59,454) is reversed and the cause is remanded with a direction to enter a judgment of acquittal. The judgments in James Dukes' and Johnson's cases (59,453 & 59,455) are reversed and the causes are remanded.

---

1. V.T.C.A.Penal Code Sec. 29.02(a)(2).

2. V.T.C.A.Penal Code Sec. 29.03(a)(2).

3. V.T.C.A.Penal Code Sec. 29.02(a)(1).

4. V.T.C.A.Penal Code Sec. 29.03(a)(1).