**Stuart MIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62257.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 18, 1981.

Peter C. Gilman, Brownsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

Appellant entered a plea of not guilty before a jury to the offense of murder. V.T.C.A., Penal Code, § 19.02. He was convicted and the jury assessed punishment at imprisonment in the Texas Department of Corrections for life.

It is unnecessary to discuss the contentions presented in Appellant's brief because we have found unassigned error which we will review in the interest of justice which requires the reversal of Appellant's conviction. See Article 40.09, § 13, V.A.C.C.P.

The indictment alleges that the Appellant: "... did then and there unlawfully, intentionally, and knowingly kill William Monroe Bedford by shooting him with a firearm, to-wit: a gun, ..."

In applying the law to the facts, the trial court charged the jury as follows:

---

**934**

"Now, if you find and believe from the evidence beyond a reasonable doubt that on or about the 17th day of June, 1978, in Cameron County, Texas, the Defendant Stuart Mims did intentionally or knowingly cause the death of William Monroe Bedford by shooting him with a firearm, to-wit a gun, *or did then and there intend to cause serious bodily injury to the said William Monroe Bedford and with said intent to cause such injury to commit an act clearly dangerous to human life, to which shooting a firearm, as alleged in the indictment*, then you will find the Defendant guilty of murder." [Emphasis added].

We have previously held that such a charge on the offense of murder which authorizes the conviction upon a theory not alleged in the indictment is fundamentally defective. *Young v. State*, 594 S.W.2d 428 (Tex.Cr.App.1980). See also *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979) and the cases therein cited.

The judgment is reversed and the cause remanded.

McCORMICK, Judge, concurring.

I am unaware of any legal doctrine that has attracted more attention to this Court than that of "Fundamental Error." The decision here rendered merely follows the principles finally established as the rule of this Court in *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr.App.1979) (Judge Dally, concurring). *Gooden* marked the demise of the requirements of Article 36.14, V.A.C.C.P., relating to objections to the court's charge. No longer would harm have to be shown—it would be presumed, even though there was no objection at trial.

Being convinced that *Gooden v. State*, supra, its predecessors, and its progeny were wrongly decided, I feel compelled to urge a disinterment and perform one last post-mortem. At the same time, I recognize the need in our trial and appellate system for uniformity and consistency in this Court.

Therefore, I concur in the result reached here without reviewing all the reasons why the rule should be otherwise.