**Jerald Salazar ANDRADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0028–CR.**

Court of Appeals of Texas, Amarillo.

Dec. 11, 1981.

Phil Gamble and Ralph H. Brock, Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty., Jim B. Darnell, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Jerald Salazar Andrade was convicted of voluntary manslaughter. The punishment was assessed by the jury at fifteen (15) years imprisonment.

In his first ground of error appellant alleges fundamental error in the court's charge by authorizing conviction on the lesser included offense of voluntary manslaughter on a theory of murder not alleged in the indictment. We agree.

The indictment alleges, in pertinent part:

Jerald Salazar Andrade did then and there intending to cause serious bodily injury to an individual, Robert Flores Prado, commit an act clearly dangerous to human life, to-wit: did then and there shoot the said Robert Flores Prado with a handgun, thereby causing the death of said individual ....

The court instructed the jury, applying the law insofar as it covered voluntary manslaughter, as follows:

If you find and believe from the evidence beyond a reasonable doubt that the defendant did intentionally or knowingly cause the death of Robert Flores Prado by shooting him with a handgun, as set forth in the indictment, but you further find and believe from all the facts and

circumstances in evidence in the case, or you have a reasonable doubt thereof, that the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter.

The indictment in this case charged appellant with murder under the ambit of Tex.Penal Code Ann. § 19.02(a)(2) (Vernon 1974), which provides that a person commits an offense if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; . . ." The charge to the jury on the lesser included offense of voluntary manslaughter authorized the jury to convict if they found appellant committed murder pursuant to Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1974), which provides a person commits an offense if he "intentionally or knowingly causes the death of an individual; . . ."

Our Court of Criminal Appeals has consistently held that where the trial court's application of the law to the facts authorizes conviction on a theory not alleged in the indictment, fundamental error exists requiring reversal of the case. *Brown v. State*, 595 S.W.2d 550, 552 (Tex.Cr.App. 1980); *Young v. State*, 594 S.W.2d 428, 429 (Tex.Cr.App.1980); *Cumbie v. State*, 578 S.W.2d 732, 734 (Tex.Cr.App.1979); *Stewart v. State*, 591 S.W.2d 537, 538 (Tex.Cr.App. 1979); *Fella v. State*, 573 S.W.2d 548 (Tex. Cr.App.1978); *Garcia v. State*, 574 S.W.2d 133, 134 (Tex.Cr.App.1978). Appellant's first ground of error is sustained.

Having made the disposition under appellant's ground of error one which we must make, it is not necessary to discuss the remainder of appellant's grounds of error.

The judgment is reversed and the cause remanded.