Gerald BARNES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00169–CR.

Court of Appeals of Texas,
San Antonio.

July 9, 1986.

Scott Stehling, Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a conviction for aggravated robbery. Defendant was found guilty in a jury trial, and the court assessed punishment at twenty years' confinement.

■ The defendant first contends that the trial court committed reversible error in failing to grant his motion to quash the indictment. The indictment alleges that the defendant "while in the course of committing theft of property and with intent to obtain and maintain control of said property, threatened and placed NORMAN WHITLOCK in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to wit: a handgun." Specifically the defendant complains that the indictment fails to advise him of the nature of the "deadly weapon" alleged. He is not advised whether he is charged under TEX. PENAL CODE ANN. § 1.07(a)(11)(A) or § 1.07(a)(11)(B). The statute states:

(11) 'Deadly weapon' means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

In the motion to quash and in his brief the defendant relied on *Bridges v. State,* 574 S.W.2d 143, 144 (Tex.Crim.App.1978) for authority that the terms "firearm" and "handgun" cannot be used interchangeably. The holding in *Bridges* was that the general term "firearm" could not be substituted in the jury charge for the more specific term "handgun" used in the indictment. We do not have that problem here as the term "handgun" was used in both the indictment and the charge.

A handgun is defined in WEBSTER'S 3RD NEW INTERNATIONAL DICTIONARY (1981) as "a firearm held and fired with one hand." Therefore, we hold that a handgun is a firearm.[1] Since a firearm is a deadly weapon per se under TEX. PENAL CODE ANN. § 1.07(a)(11)(A) (Vernon 1974), and a handgun is a firearm, the indictment properly charged an offense under TEX. PENAL CODE ANN. § 29.-03(a)(2) (Vernon 1974). The trial judge properly overruled the motion to quash the indictment.

The first ground of error is overruled.

■ The defendant's final ground of error is that the trial court erred in ordering the removal of two witnesses from the courtroom. The two witnesses, who were in custody at the time, were called to testify by the defendant. They remained in the courtroom during the testimony of one rebuttal witness called by the State. After both sides had closed, the deputy in charge of the prisoners requested permission to remove them from the courtroom because it would be "easier to maintain security." The trial judge gave the deputy permission to remove the prisoners from the courtroom. Apparently the defense attorney desired to draw a comparison during his jury summation between the appearance of the two witnesses and that of two other men identified in a photograph by the complaining witness.

Defendant cites no case law or statutory authority requiring that witnesses who are in custody should be allowed to remain in the courtroom after testifying and while jury argument is under way. We know of no such authority. We feel that the trial judge was acting within his discretionary authority in permitting the deputy to remove the prisoners for security reasons. The ground of error is overruled.

The judgment of conviction is affirmed.

1. A handgun is defined for the purposes of Chapter 46 of the Penal Code as any firearm that is designed, made, or adapted to be fired with one hand. TEX. PENAL CODE ANN. § 46.01(5) (Vernon 1974); *see also Gomez v.* *State,* 685 S.W.2d 333, 336 (Tex.Crim.App.1985) (holding that a "revolver" is a "firearm"); *Sims v. State,* 546 S.W.2d 296, 298 (Tex.Crim.App. 1977) (holding that a "pistol" is a "handgun").