MANUEL L. GARCIA v. STATE.

No. 24633. February 1, 1950.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 29, 1950.

452

Hubert T. Faulk, and Joe J. Rey, El Paso, for appellant.

William E. Clayton, District Attorney, and William B. Jennings, Assistant District Attorney, El Paso, and George P. Blackburn, State's Attorney. Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for the offense of robbery under an indictment which charged a former conviction and sentence for the theft of property over the value of $50. Under the enhanced penalty statute he was sentenced to life imprisonment.

The facts reveal that the prosecuting witness was returning to his home about two o'clock in the morning, after having attended a dance in Juarez. As he was passing an alley, in South El Paso, two policemen who were in the vicinity patrolling that section saw appellant and another assault the witness and drag him into an alley. The policemen hurried to the scene and succeeded in capturing the two men before they escaped. There seems to be no question about the sufficiency of the evidence to show that they took what money the witness had, in Mexican currency, out of his billfold.

The only question in the case which will be considered is presented by appellant's Bill of Exceptions No. 1. This brings to our consideration an objection filed to the court's charge. That section of the charge reads as follows:

"If you believe from the evidence, beyond a reasonable doubt, that at the time and place mentioned in the indictment, this Defendant, by assault, or violence, or by putting in fear of life or bodily injury, fraudulently, and against the will of Lamberto Carreon, took any of the property described in the in-

dictment, with intent to appropriate the same to his own use, find him guilty of robbery, and if you further believe from the evidence, beyond a reasonable doubt, that theretofore and on the 18th day of February, 1948, and in the District Court of the 34th Judicial District of Texas, in El Paso County, Texas, and in a criminal case over which said Court had jurisdiction this Defendant was duly and legally convicted of the offense of theft of property of the value of $50.00 and over, and was on said 18th day of February, 1948, duly and legally sentenced for said offense to a period of confinement in the State Penitentiary of Texas, find the Defendant guilty of robbery and of a prior conviction of an offense of the same nature."

The objection to the charge is based on the ground that the foregoing paragraph is ambiguous and confusing, and that it gave the jury to understand that "* * * in the event they find the Defendant was heretofore convicted of the offense" alleged in the indictment as a prior conviction, that they must convict the defendant of the offense of robbery for which he was then on trial. The complaint thus presented calls for a construction of the meaning of the quoted language. If it instructed the jury to find the defendant guilty of the present offense in the event he was found to have been formerly convicted, as alleged, then the charge is error and there could be no controversy about the law involved. On the other hand, if the language is not susceptible of such conclusion then no complaint is made, for such is the basis of it.

In all probability the court could have used language different and appropriate to present the issue to the jury. Another judge would, according to usual custom, have done so. The only question we have, however, is whether or not this language is confusing. When we consider the first portion of the compound sentence it appears that all other things thereafter are based on the jury first finding, from the evidence, beyond a reasonable doubt, that the defendant did by assault or violence, at the time and place alleged, fraudulently and against the will of Lamberto Carreon, take the property described. Having found this to be true, the jury is then instructed that if they further find the former conviction to be as alleged they will find the defendant guilty of robbery and of a prior conviction. It is observed that in preceding paragraphs the court has defined the offense of robbery and the quoted paragraph follows, applying the law to the facts of the case. Again, he applies the law to the facts of the case in Paragraph Seven and states the penalty applicable in the event they find him guilty of robbery

454

but do not find he has been convicted of the alleged prior offense.

Appellant's Bill of Exceptions No. 2 complains of a further paragraph of the charge in which the court instructed the jury that if it did not believe from the evidence, beyond a reasonable doubt, that this defendant was convicted and sentenced in the former case, as alleged, that it was not to consider the testimony as to such conviction for any purpose. The complaint is that this unduly emphasizes the former conviction. It is our opinon that the charge given was to the advantage of appellant and could not have injured him.

We find no error in the court's charge pointed out by the bills of exception. In the absence of reversible error appearing of record, the judgment of the trial court is affirmed.