**Horace George CULLUM, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54993.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 24, 1979.

John P. Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Henry K. Oncken, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery, an offense denounced by V.T.C.A., Penal Code, Sec. 29.03.[1] The punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. See V.T.C.A., Penal Code, 12.42(d).

---

1. Section 29.03, supra, provides that:
   "Aggravated Robbery
   "(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:
   "(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon."
V.T.C.A., Penal Code, Sec. 29.02, provides that:
"Robbery
"(a) A person commits an offense if, in the course of committing theft as defined in Chap-

We are confronted at the outset with fundamental error in the jury charge which requires reversal in the interest of justice. Article 40.09(13), Vernon's Ann.C.C.P.

Omitting the formal portions, the indictment in relevant part charged that appellant:

" . . . did while in the course of committing theft of money, owned by Norma Battle, hereafter styled the Complainant, and with intent to obtain and maintain control of the property *intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol.*" (Emphasis supplied.)

Thus, it is apparent that the indictment charged the appellant with aggravated robbery on the theory embodied by Sections 29.02(a)(2) and 29.03(a)(2), supra.

In applying the law to the facts in its charge to the jury at the guilt-innocence phase of the trial,[2] the court not only authorized the jury to convict appellant for aggravated robbery if it found him guilty as alleged in the indictment, but the court also allowed the jury to convict appellant if it found that appellant had committed aggravated robbery as defined by the alternative theory embodied by Sections 29.02(a)(1) and 29.03(a)(1). Consequently, the jury was authorized by the trial court to convict appellant on a theory of aggravated robbery which was not alleged in the indictment. This charge then was fundamentally erroneous and requires that we reverse the judgment of conviction. *Armstead v. State,* 573 S.W.2d 231 (Tex.Cr.App.1978), and cases there cited.

The judgment is reversed and the cause remanded.

DALLY, J., concurs for the reasons stated in *Gooden v. State,* Tex.Cr.App., 576 S.W.2d 382 (1979).

DOUGLAS, J., dissents for the reasons stated in *Cleland v. State,* Tex.Cr.App., 575 S.W.2d 296 (1979).

ter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

2. In applying the law to the facts, the court charged the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 17th day of June, 1974 in Harris County, Texas, the defendant, HORACE GEORGE CULLUM, JR. did, without the effective consent of Norma Battle the owner, take and exercise control over the corporeal personal property of Norma Battle to-wit, money from the possession of Norma Battle with intent then and there to deprive Norma Battle of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said money *intentionally, knowingly, or recklessly caused bodily injury to said owner* or *intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death,* and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the *defendant caused serious bodily injury to Norma Battle* or *defendant used or exhibited a deadly weapon, to-wit, a pistol* then you will find defendant guilty of aggravated robbery as charged in the indictment." (Emphasis supplied.)