**Charles Saldana ALDACO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57526.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 7, 1979.

Roy T. Ahrens, Houston—on appeal only—for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Kenneth W. Sparks, Asst. Dist. Attys., Houston, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appellant was convicted of aggravated robbery. The jury found him to be an habitual criminal, and punishment was assessed at life. Appellant raises five grounds of error, but the first ground is controlling.

The indictment in this cause alleged in pertinent part that on or about February 14, 1975, appellant did:

---

1. V.T.C.A. Penal Code, Sec. 29.03(a) provides:
   "A person commits an offense if he commits robbery as defined in Section 29.02 of this

"while in the course of committing theft of money and food stamps, owned by Luz Marie Silva, hereafter styled the Complainant, and with intent to obtain and maintain control of the property intentionally and knowingly *threaten and place Complainant in fear* of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a pistol." (Emphasis added).

While the indictment charges threatening and placing the complainant in fear of serious bodily injury, the trial court instructed the jury as to both V.T.C.A. Penal Code, Sec. 29.03(a)(1) and (2),[1] which includes *causing* serious bodily injury to another. Such a charge is fundamentally defective regardless of whether an objection to the charge was made. *Moore v. State*, 574 S.W.2d 553 (Tex.Cr.App.1978); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977); *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr. App.1971).

For this reason the judgment is reversed and the cause is remanded.

DALLY, J., concurs in result.

code, and he: (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon."