Donald Ray CUMBIE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 56351–56354.

Court of Criminal Appeals of Texas, Panel No. 1.

March 28, 1979.

Lawrence B. Mitchell, Michael D. Byck, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John G. Tatum, C. Wayne Huff and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

Four indictments charged the appellant with the aggravated robbery of a bartender and three patrons of a bar. With the consent of the parties, the four cases were tried together. A jury found the appellant guilty in each case. In cause 56,351, the jury found that the appellant had previously been finally convicted of two felony offenses, which fixed the punishment at confinement for life. In each of the other causes, the jury assessed the punishment at 75 years' confinement. The appellant says that there are fundamental errors in each charge to the jury.

During recent years, we have reversed no small number of cases for fundamental error in the court's charge. See *Cleland v. State,* 575 S.W.2d 296, 299 (Tex. Cr.App.1978) (dissenting opinion of Douglas, J.). We have held that, if that portion of the court's charge to the jury which applies the law to the facts authorizes conviction on a theory not alleged in the indictment, the charge contains fundamental error (which requires reversal even though the error was not called to the trial court's attention). *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977). With our en banc decision in *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr.App.1979), this rule became settled. The recent opinions, and the older cases which they cited, reveal several kinds of such fundamental errors in the charge.[1]

An omission from the court's charge of an allegation in the indictment which is required to be proved has long been held to be fundamental error. See, e. g., *Moore v. State,* 84 Tex.Cr.R. 256, 206 S.W. 683 (1918) (failing to require the jury to find that stolen property was received from "some party to the grand jurors unknown"); *Garza v. State,* 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956) (authorizing conviction for possession of bottles without requiring that they have contained beer); *Windham v. State,* 530 S.W.2d 111 (Tex.Cr.App.1975) (authorizing conviction for aggravated assault without a finding that the knife was a deadly weapon); *West v. State,* 567 S.W.2d 515 (Tex.Cr.App.1978)[2] (omitting culpable mental states).

A second kind of fundamental error occurs when the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment. See, e. g., *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940) and *Ross v. State,* 487 S.W.2d 745 (Tex.Cr.App. 1972) (indictment alleged breaking and entering by force, threats, and fraud; charge

---

1. The following collection of cases does not purport to be complete.

2. Two companion cases were reversed for the same reason. *West v. State,* 572 S.W.2d 712 (Tex.Cr.App.1978); *Thompson v. State,* 574 S.W.2d 103 (Tex.Cr.App.1978).

substituted entry with intent to commit theft); *Peoples v. State,* 548 S.W.2d 893 (Tex.Cr.App.1977) (indictment alleged forgery by passing; charge substituted forgery by making); *Long v. State,* 548 S.W.2d 897 (Tex.Cr.App.1977) (indictment alleged theft under Texas Penal Code, Section 31.-03(b)(1); charge substituted Section 31.-03(b)(2)); *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App.1977) (indictment alleged burglary by entering, attempting theft, and committing theft; charge substituted entering with intent to commit theft).

A third kind of fundamental error is committed when the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment. Such a charge would permit conviction on proof different from (and sometimes less than) that required to prove the allegations in the indictment. Most of the recent cases have involved such charges that enlarge on the indictment.

This third type of error is illustrated by aggravated robbery cases in which the indictment alleged threatening and placing in fear, while the charge also authorized conviction for causing bodily injury. *Edmond v. State,* 566 S.W.2d 609 (Tex.Cr.App.1978); *Jones v. State,* 566 S.W.2d 939 (Tex.Cr.App. 1978); *Smith v. State,* 570 S.W.2d 958 (Tex. Cr.App.1978); *Brewer v. State,* 572 S.W.2d 940 (Tex.Cr.App.1978); *Armstead v. State,* 573 S.W.2d 231 (Tex.Cr.App.1978); *Donald v. State,* 574 S.W.2d 119 (Tex.Cr.App.1978); *Cullum v. State,* 576 S.W.2d 87 (Tex.Cr.App. 1979); *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr.App.1979); *Clements v. State,* 576 S.W.2d 390 (Tex.Cr.App.1979); *Aldaco v. State,* 576 S.W.2d 641 (Tex.Cr.App.1979). Another group of cases involved the converse; the indictment alleged aggravated robbery by causing serious bodily injury, while the charge also authorized conviction for threatening and placing in fear. *Moore v. State,* 574 S.W.2d 553 (Tex.Cr.App.1978); *Cleland v. State,* 575 S.W.2d 296 (Tex.Cr. App.1978). Other charges allowed conviction on every theory of robbery and aggravated robbery found in Texas Penal Code Sections 29.02 and 29.03, regardless of the

theory (or theories) alleged in the indictment. *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Bridges v. State,* 574 S.W.2d 143 (Tex.Cr.App.1978); *McGee v. State,* 575 S.W.2d 563 (Tex.Cr. App.1979); *Todd v. State,* 576 S.W.2d 636 (Tex.Cr.App.1979); *Hill v. State,* 576 S.W.2d 642 (Tex.Cr.App.1979); *Williams v. State,* 577 S.W.2d 241 (Tex.Cr.App.1979). In another case, the indictment alleged robbery by placing in fear, while the charge also authorized conviction for threatening. *Lee v. State,* 577 S.W.2d 736 (Tex.Cr.App. 1979).

This third kind of fundamental error, the charge that enlarges on the indictment, is not limited to robbery cases. We have reversed voluntary manslaughter convictions in which the indictment alleged intentionally and knowingly causing death, while the charge also authorized conviction for intending to cause serious bodily injury and committing an act clearly dangerous to human life that causes death. See *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978); *Fella v. State,* 573 S.W.2d 548 (Tex.Cr.App. 1978). We have reversed a conviction for injury to a child in which the indictment alleged causing serious bodily injury, while the charge also authorized conviction for causing serious physical deficiency or impairment or deformity. *Morter v. State,* 551 S.W.2d 715 (Tex.Cr.App.1977). We have reversed a prostitution conviction in which the information alleged a specific kind of sexual conduct (sexual intercourse), while the charge also authorized conviction for any other kind of sexual conduct. *Thompson v. State,* 577 S.W.2d 497 (Tex. Cr.App.1979). We have reversed a conviction for unlawful possession of firearm by felon in which the indictment alleged a prior conviction for robbery, while the charge also authorized conviction if the defendant had a prior conviction for assault with intent to commit robbery. *Smith v. State,* 574 S.W.2d 551 (Tex.Cr.App.1978).

A fourth kind of fundamental error is committed when the charge authorizes con-

viction for conduct which is not an offense, as well as for conduct which is an offense. See *Jackson v. State,* 576 S.W.2d 88 (Tex. Cr.App.1979) (authorizing an aggravated robbery conviction for recklessly threatening and placing in fear, which is not an offense under Texas Penal Code Section 29.02(a)(2), and which was not alleged in the indictment). It will be noted that this kind of fundamental error differs from the other three, in that the charge is defective not only because it enlarges on the indictment, but also because it authorizes conviction for non-criminal conduct. See *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App.1976). Presumably such a charge would be fundamentally erroneous even if the same theory were alleged in the indictment.

■ With the perspective of the foregoing collection of cases, we approach the appellant's first ground of error. The indictments alleged that the appellant threatened and placed the complainants in fear of imminent bodily injury. The court's charges authorized conviction if the jury found that the appellant threatened and placed the complainants in fear of imminent bodily injury or death. The appellant argues that the addition of the words "or death" is an enlargement on the indictment which constitutes fundamental error of the third kind discussed above. We cannot agree.

The evil of the charge that enlarges on the indictment is that it authorizes conviction on proof different from (and sometimes less than) that required to prove the allegations in the indictment. That evil is not present in this case, because proof of threatening and placing in fear of death is not different from (or less than) proof of threatening and placing in fear of bodily injury. "Bodily injury" means physical pain, illness, or any impairment of physical condition. V.A.P.C., Section 1.07(a)(7). Death necessarily involves impairment of physical condition (if not pain and illness), so "death" necessarily includes "bodily injury." Therefore every "threatening and placing in fear of death" necessarily includes "threatening and placing in fear of

bodily injury"; proof of the former is not different from (or less than) proof of the latter. The evil presented by the charge that enlarges on the indictment is not present in this case, nor do we perceive any of the other kinds of fundamental error discussed above. The first ground of error is overruled.

■ The appellant's other ground of error sets out another claim that fundamental error was committed in the charges. Each indictment alleged that the appellant acted with the intent to obtain and maintain control of the property of the complainant, the said property being (in the respective indictments) "Current Money of the United States of America," "Two Hundred Dollars ($200.00) current money of the United States of America," "one billfold," and "Twenty-five Dollars ($25.00) current money of the United States of America." Each charge describes the property taken only as "the property as alleged in the indictment." The appellant claims that this phrase is only an abstract statement of law which fails to apply the law to the facts, citing *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App.1976), and *Harris v. State,* 522 S.W.2d 199 (Tex.Cr. App.1975). Inspection of those cases will reveal that they have nothing in common with the problem under consideration. These charges do apply the law to the facts. The question is whether the court's charge in a robbery case contains fundamental error when it describes property by reference to the indictment.

There is some authority for the proposition that a charge may describe property by reference to the indictment. *Lindsey v. State,* 108 Tex.Cr.R. 187, 299 S.W. 399 (1927). Because of some differences in facts and procedure, the *Lindsey* case is not controlling. Rather, we would note that the gist of robbery is not theft of property; it is that bodily injury or death is threatened or caused, with intent to take property. That the theft is not accomplished is not material, nor is the value of the property. See *Watts v. State,* 516 S.W.2d 414 (Tex.Cr.App.1976). The gist of robbery being different from that of theft, the de-

scription of the property in the court's charge is not so crucial. Cf. *Hutson v. State,* 154 Tex.Cr.R. 380, 227 S.W.2d 813 (1950). The practice, in the court's charge on robbery, of describing the property by reference to the indictment seems to be neither new nor limited to the court which tried these cases. See *Garcia v. State,* 154 Tex.Cr.R. 451, 227 S.W.2d 811 (1950).

This is not to say that the appellant would not have been entitled to a more detailed description of the property had he presented his objection or special requested charge to the trial court. But we note that the reference to "the property as alleged in the indictment" prevented that kind of fundamental error that is committed when the court's charge enlarges on the indictment. Again, we do not perceive any of the other kinds of fundamental error discussed above. The second ground of error is overruled.

Finding no fundamental error, we affirm the judgment.