M. R. FERGUSON, Allen Dale Lawless and Robert Wayne Faulk, Appellants,

v.

The STATE of Texas, Appellee.

No. 56402.

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1979.

Joseph C. Hawthorn, Beaumont, for appellants.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

These are appeals from convictions under the riot statute, V.T.C.A. Penal Code, Section 42.02. Appellants Faulk and Ferguson were convicted of riot by arson, i. e., their convictions for the offense of riot were compounded under Subsection (f) of the statute upon the theory that Faulk and Ferguson were criminally liable for the offense of arson which was committed by persons engaged in the riot. Appellant

Lawless was convicted of the lesser offense of riot by criminal mischief. Faulk's punishment was assessed by the jury at imprisonment for five years; Ferguson's was assessed at imprisonment for three years; Lawless's was assessed at imprisonment for five years, probated for a term of two years.

Appellants contend, among other things, that Section 42.02, supra, is unconstitutional and the evidence is insufficient to sustain the convictions.

Early on the morning of January 17, 1975, a large group of men convened on Highway 73 near Beaumont and set up a picket line about four miles from a work site of the A. A. Cross Construction Co., protesting the hiring of out-of-town non-union workers by the company. The group turned away workers who attempted to enter the work site from the highway; however, another entrance to the site was not blocked, and workers for Cross were able to reach the site and go to work. Not long after work had begun, a group of 50–75 men who had been picketing arrived at the site in pickup trucks. The men, who were armed with steel reinforcing rods and two-by-four boards, exited the trucks and began damaging equipment and striking Cross Co. employees. They also burned the site office to the ground. Appellants were convicted of engaging in this attack on the work site.

■ Prior to discussing appellants' contentions we note in the interest of justice that the trial court's charge applying the law to the facts in Lawless's case is fundamentally erroneous. Subsection (b) of Section 42.02, supra, provides that "A person commits an offense if he knowingly participates in a riot." Thus, in order to constitute the offense of riot, a defendant's participation must be "knowing." The court charged the jury that they could convict Lawless of riot by criminal mischief if they found that he "did then and there participate" in the riot. The court did not require the jury to find that Lawless *knowingly* participated in the riot. The failure to include an essential element of the offense in the charge applying the law to the facts is

fundamental error. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1978); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978). A required culpable mental state is an essential element of the offense and must be included in the charge. *West v. State*, supra. Lawless's conviction must be reversed.

■ Appellants contend that Section 42.-02, supra, impermissibly encroaches on the right of assembly guaranteed by the First Amendment to the United States Constitution and Article I, Section 27 of the Texas Constitution, and thus is unconstitutionally overbroad. The statute provides in pertinent part:

Section 42.02. Riot

(a) For the purpose of this section, "riot" means the assemblage of seven or more persons resulting in conduct which:

(1) creates an immediate danger of damage to property or injury to persons;

(2) substantially obstructs law enforcement or other governmental functions or services; or

(3) by force, threat of force, or physical action deprives any person of a legal right or disturbs any person in the enjoyment of a legal right.

(b) A person commits an offense if he knowingly participates in a riot. . . .

(f) An offense under this section is an offense of the same classification as any offense of a higher grade committed by anyone engaged in the riot if the offense was:

(1) in the furtherance of the purpose of the assembly; or

(2) an offense which should have been anticipated as a result of the assembly.

Appellants were indicted and convicted under Subsections (a)(1) and (b) compounded by Section (f) for commission of arson.

■ Although appellants purport to challenge the validity of the entire statute, neither they nor the State present arguments in their briefs regarding the constitutionality of Subsections (a)(2) or (a)(3) of the statute.

The United States Supreme Court has stressed the danger of evaluating the constitutionality of a statute in the abstract:

"The delicate power of pronouncing an Act of Congress unconstitutional is not to be exercised with reference to hypothetical cases * * *. [A] limiting construction could be given to the statute by the court responsible for its construction if an application of doubtful constitutionality were * * * presented. We might add that application of this rule frees the Court not only from unnecessary pronouncement on constitutional issues, but also from premature interpretations of statutes in areas where their constitutional application might be cloudy." . . .

*United States v. National Dairy Products Corp.*, 372 U.S. 29, 32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561 (1963), quoting from *United States v. Raines*, 362 U.S. 17, 22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). See also the concurring opinion by Justice Brandeis in *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936). Taking into account the case presented and the advice of these authorities, we limit our consideration to the constitutionality of Subsection (a)(1) of the riot statute. We express no opinion as to the constitutionality of Subsections (a)(2) or (a)(3) of the statute.

Neither the First Amendment nor Article I, Section 27 of the Texas Constitution purports to grant an absolute right to assemble *in any manner*; each specifically limits its protection to *"peaceable assembly."* Read literally, the riot statute criminalizes a knowing participation in an initially peaceable assembly that subsequently results in conduct creating an immediate danger of damage to property or injury to persons. If this language is not construed to require that the defendant participate in said assembly after gaining knowledge of the inception of such conduct, the statute would constitute a clear abridgement of the right of peaceable assembly.

A statute should be construed so far as reasonable to be constitutional. *United States v. National Dairy Products Corp.*,

supra; Article 5429B–2, Section 3.01, V.A. C.S.; *Delorme v. State,* 488 S.W.2d 808 (Tex.Cr.App.). By the specific terms of the statute a riot does not exist until the assemblage *has resulted in conduct* which violates Subsection (a)(1), (a)(2), or (a)(3). As applied to this case there is no riot until the assemblage *has resulted in conduct* which creates an immediate danger of damage to property or injury to persons. "Knowing participation" in a riot, therefore, must be construed to include the requirement that the defendant participate in the assemblage *knowing that it is resulting in conduct creating an immediate danger of damage to property or injury to persons.* So construed, we hold that the statute does not unconstitutionally infringe on the right of assembly. We express no opinion as to the constitutionality of Subsections (a)(2) or (a)(3) of the statute.

■ Having held that an essential element of the offense of riot under Section 42.02(a)(1) and (b) is that the defendant participate in an assemblage *knowing that it is resulting in conduct creating an immediate danger of damage to property or injury to persons,* we cannot uphold appellants' convictions herein unless the charge of the court requires a finding by the jury of said element as a prerequisite to conviction. *Cumbie,* supra; *West,* supra. Considering the grave and baleful possibilities of guilt by association, that element should have been clearly spelled out for the jury. Compare *Pinkus v. United States,* 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293 (1978); *Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).

The court charged the jury as follows:

Now therefore, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas on or about January 17, 1975, the defendant, ROBERT WAYNE FAULK, did then and there knowingly participate in an assembly of more than seven persons, the names and identities of those not named in this indictment being unknown to the Grand Jurors, and that while so assembled and acting together, created an immediate danger of damage to property or injury to persons and did then and there commit the substantive offense of Arson by burning the building of A. A. CROSS, there situated, such act of burning being in furtherance of the purpose of the assembly or that the offense of Arson should have been anticipated by the defendant, ROBERT WAYNE FAULK, as a result of the assembly, you should find the defendant, ROBERT WAYNE FAULK, Guilty of the offense of Riot by Arson as alleged in count 1 of this indictment.

The above charge merely required the jury to find that appellant Faulk *knowingly participated* in an assembly of more than seven persons. It wholly failed to require a finding that he knowingly participated in the assembly *after he had gained knowledge that the assemblage had resulted in conduct creating an immediate danger of damage to property or injury to persons.* The charge applying the law to the facts in appellant Ferguson's case suffers from the same defect. The omission of such essential element from the court's charge is fundamental error which requires reversal of the convictions of appellants Faulk and Ferguson. *Cumbie,* supra; *West,* supra.

For the reasons stated, the judgments of conviction of all appellants are reversed and the causes remanded.

DOUGLAS, J., dissents.