**Raymond LANG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00776–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 26, 1982.

Discretionary Review Granted
Feb. 2, 1983.

Mel Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and SPARLING and VANCE, JJ.

GUITTARD, Chief Justice.

Raymond Lang was convicted by a jury of theft of a ring. He complains that the charge was fundamentally defective and that the evidence is insufficient to support the verdict. Although we find that the evidence is sufficient, we conclude that a reversal is required because the charge is fundamentally erroneous in authorizing conviction on a theory not alleged in the indictment.

### Facts

The complaining witness, Cathy Moorehead, was seated in a restaurant with friends when appellant sat down and engaged them in conversation. Moorehead was wearing a gold ring with a small diamond. In response to appellant's request to see the ring, Moorehead took it off and handed it to him, expecting him to look at it briefly and then return it. After further conversation, which Moorehead characterized as "hassling," Moorehead felt threatened and was unable to finish her meal. In order to escape appellant, she and her friends left the restaurant, forgetting for the moment that appellant had her ring. Hearing footsteps, Moorehead looked back and saw appellant and a companion following them. Appellant grabbed a purse from one of Moorehead's friends and then fled. Several days later Moorehead saw appellant in a downtown store and made a call to the police, which resulted in his arrest.

### Defect in Charge

Appellant contends that the charge allows the jury to convict on facts constituting an absolute defense to the accusation in the indictment. He points out that the indictment alleges that defendant's appropriation of the ring was without the owner's effective consent "since no assent in fact was given by the owner," whereas the charge instructs that the jury may find appellant guilty of theft if it finds that "defendant appropriated the same by means of deception."

The indictment alleges that the defendant

[D]id unlawfully, knowingly and intentionally appropriate, namely: exercise control over property, other than real property, to wit: one ring, of the value of at least $200.00 but less than $10,000.00, without the effective consent of Cathy Moorehead, the owner of the said property who had a greater right to possession of the said property than the defendant, with the intent to deprive the said owner of the said property, namely: to withhold the said property from the said owner permanently, *and such appropriation was without effective consent since no assent in fact was given by the owner* or a person legally authorized to act for the owner. [Emphasis added.]

The charge defines "effective consent" as "assent in fact," but further explains: "Consent is not effective if induced by force, threat or deception." It further instructs the jury:

You are instructed that to constitute theft in this case, it is *necessary that the State establish* by the evidence beyond a reasonable doubt *that at the time of the appropriation of the property, if any, the defendant appropriated the same by means of deception*, as that term has been defined herein, with the intent at the time of such appropriation to deprive the owner of such property, and the offense of theft is complete when such property is appropriated by the defendant, if he did appropriate it, provided the unlawful appropriation of the property with intent to deprive the owner thereof existed at the very time the property was so appropriated by defendant, and this is the case notwithstanding that the possession of the property appropriated may have been acquired by the defendant by permission *of the person from whom it was acquired.* [Emphasis added.]

*Now*, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Raymond Lang, on or about the 18th day of June, 1981, in the County of Dallas and State of Texas, as alleged in the indictment, did then and there unlawfully, knowingly or intention-ally appropriate property, to wit: one ring, of the value of at least $200.00 but less than $10,000.00 from Cathy Moorehead without the effective consent of the owner, Cathy Moorehead, and with intent to deprive the said owner of the said property, you will find the defendant guilty of the offense of theft and so say by your verdict.

Appellant argues that although the indictment alleges that "no assent in fact was given by the owner," the charge allows the jury to convict without proof of this allegation, since it permits the jury to convict even though it finds that appellant acquired the ring with the permission of the owner.

The State responds that appellant has confused the time appellant acquired physical possession of the property with the time he unlawfully appropriated it. The State argues that although the evidence shows that appellant had the owner's permission when he originally acquired possession, the material time of appellant's intent is when he actually appropriated it without her consent. Consequently, the State urges that the charge as given is a correct statement of the law dealing with the time of formation of appellant's intent to appropriate the ring.

In our view, the State's argument misses the point. The error urged is that the charge allows the jury to convict without proof that appellant appropriated the property without the owner's assent in fact, as alleged in the indictment, but instead permits conviction on proof that actual assent was given to the appropriation, but no "effective consent" was given because the owner's consent was induced by deception. This contention raises a problem of whether the charge authorizes a conviction on a theory not alleged in the indictment. Such an error is characterized as "fundamental" in *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979) (en banc). *Cumbie* classifies errors in the charge according to several types. The second type mentioned is a charge in which the application portion substitutes a theory of the offense different

from the theory alleged in the indictment. *Cumbie, supra,* at 733. Among the cases of this type cited is *Long v. State,* 548 S.W.2d 897 (Tex.Cr.App.1977), in which the charge allowed conviction under a different subdivision of the theft statute than that applicable to the offense as alleged in the indictment. The third type of error mentioned in *Cumbie* is a charge in which the application portion authorizes conviction on the theory alleged in the indictment and also on one or more theories not alleged in the indictment. *Cumbie, supra,* at 734. Among the cases of this type cited is *Cleland v. State,* 575 S.W.2d 296 (Tex.Cr.App.1978) (robbery charge allowed conviction on two theories when only one was alleged in the indictment). A later case is *Sandig v. State,* 580 S.W.2d 584, 585 (Tex.Cr.App.1979), a conviction for indecency with a child, in which the application portion of the charge, when considered together with the applicable definitions, authorized conviction on proof of sexual contact other than the specific contact alleged in the indictment.[1] In each of these cases the fundamental defect was that the charge would permit conviction on proof different from that required to prove the allegations in the indictment. *Cumbie, supra,* at 734. That is the question appellant raises here.

◼ We need not determine whether the present charge presents an error of the second or the third type discussed in *Cumbie,* since we conclude that it is either one or the other. If we consider the next to last paragraph of the charge above quoted, which instructs the jury on what must be proved to convict appellant of theft, then there is error of the second type because the charge substitutes the theory of appropriation by deception for the theory of appropriation without the owner's assent in fact, as alleged in the indictment. On the other hand, if we consider the application portion of the charge as limited to the last paragraph and read it in connection with the court's definition of "effective consent," as

the Court of Criminal Appeals considered the charge in *Sandig,* then there is error of the third type because the charge authorizes conviction on the theory alleged in the indictment (that the owner gave no assent in fact to appellant's appropriation of the ring) and also on the theory, not alleged, that the owner consented, but her consent was not effective because "induced by force, threat or deception." Under either interpretation of the charge, the error is fundamental and reversal is required.

*Insufficiency of Evidence*

Appellant's challenge to the sufficiency of the evidence is similar to his complaint concerning the charge. He contends that since the indictment alleges that defendant appropriated the ring without the owner's effective consent because "no assent in fact was given by the owner," but the evidence shows that appellant originally acquired possession with the owner's consent, the evidence is insufficient to prove the offense alleged.

◼ We cannot agree with this contention because in this respect the State's contention concerning the time of the appropriation is well taken. The evidence is sufficient to support a finding that appellant appropriated the property when he no longer had the owner's consent, since the owner testified that she did not permit appellant to keep the ring permanently, but only to examine it briefly, and appellant's intent may be inferred from the fact that instead of returning it to her, he snatched her friend's purse and fled. Thus, the evidence is sufficient to support conviction for the offense alleged in the indictment, namely, that appellant appropriated the ring without the owner's consent in fact and with intent to withhold it from her permanently.

For the error in authorizing conviction on the theory that the owner's consent was obtained by deception instead of without

---

1. We are unable to reconcile *Sandig* with *Sample v. State,* 626 S.W.2d 515, 517 (Tex.Cr.App. 1982) (en banc) in which the Court of Criminal Appeals held that a charge alleging that defendant obstructed arrest "by using force" did not enlarge on an indictment alleging that defendant obstructed arrest "by striking [the officer] with his fist."

the owner's consent in fact, the judgment is reversed and the cause remanded.

Reversed and remanded.