Sandra **CHENEY**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–84–175–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 1, 1985.

Law Offices of O'Shea, Hall & Hart, P.C., Mark C. Hall, Lubbock, for appellant.

Ramon Gallegos, Asst. County Atty., Brownfield, for appellee.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of the offense of theft of services valued at $200.00 or more but less than $10,000.00. TEX. PENAL CODE ANN. sec. 31.04 (Vernon 1974). The jury assessed punishment at confinement for four years in the Texas Department of Corrections.

We affirm.

Appellant raises eleven grounds of error in which she challenges (1) the sufficiency of the indictment, (2) the trial court's ruling on her motion to quash, (3) the sufficiency of the evidence, (4) alleged error in the definition of "service" in charge, (5) alleged error in the application paragraph of the charge, and (6) the refusal of the trial court

to charge on the lesser included offense of misdemeanor theft.

In her first ground of error, appellant contends that the trial court erred in denying her motion to quash the indictment because the indictment did not specify the type and nature of "services" allegedly secured and, as a result thereof, appellant had inadequate notice of the charges against her upon which she was required to defend. We disagree.

Appellant is charged with three separate instances of theft of services in a three-count indictment alleging in pertinent part as follows:

"did then and there rent and engage the use and *services* of a motel room for lodging from W.T. Gibbs, the owner thereof, who then and there had possession of said room, with intent to avoid payment for such *service and lodging* that she knew was provided by said owner for compensation, and the said Defendant did intentionally and knowingly secure such *services and lodging* having a value of $69.80 from said owner by deception to-wit: representing that Defendant's employer, Landmark Cablevision, would pay for said *services*, knowing said representation was false; did knowingly and intentionally abscond and avoid payment for such *services and lodging* of said value after the same was provided her by said owner; and,...." [Emphasis added.]

The following two paragraphs of the indictment are essentially identical to the first with the exception of the date alleged and the value of the services allegedly secured. The fourth paragraph alleges that the amount of all the services were obtained in the same scheme and continuing course of conduct and the aggregate amounts are of a value of $200 or more, but less than $10,000.

TEX.PENAL CODE ANN. sec. 31.04 (Vernon 1974) provides in pertinent part:

(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token; or

... .

(b) For purposes of this section, intent to avoid payment is presumed if the actor absconded without paying for the service in circumstances where payment is ordinarily made immediately upon rendering of the service, as in hotels, restaurants, and comparable establishments.

TEX. PENAL CODE ANN. sec. 31.01(7) (Vernon 1974) defines "service" as follows:

(7) "Service" includes:

(A) labor and professional services;

(B) telecommunications, public utility, and transportation service;

(C) lodging, restaurant service, and entertainment; and

(D) the supply of a motor vehicle or other property for use.

■ A timely filed motion to quash does entitle appellant to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give her precise notice of the offense with which he is charged. TEX. CODE CRIM.PROC. ANN. art. 27.09 (Vernon 1966); *Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Crim.App. 1983). When considering a motion to quash the indictment, it is not sufficient to say the defendant knew with what offense he was charged; rather, the question presented is whether the face of the indictment sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *American Plant Food Corporation v. State*, 508 S.W.2d 598, 603 (Tex.Crim.App.1974).

■ Generally, an indictment which tracks the words of a penal statute is legally sufficient. *Santana v. State*, 658 S.W.2d 612, 613 (Tex.Crim.App.1983). The present indictment tracks the statutory language and is sufficient *unless* the facts sought by the motion to quash are essential to giving notice. *See Id.* at 612. The general rule is that a motion to quash will be allowed if the *facts* sought are *essential* to giving notice. *Thomas v. State*, 621

S.W.2d 158, 161 (Tex.Crim.App.1981) (opinion on rehearing).

Appellant contends that the use of the words "services and lodging" throughout the indictment indicates that appellant is being charged with not only securing lodging by deception, but also securing some other unnamed services other than lodging to which appellant's motion to quash was directed. Appellant argues that other services potentially provided by motels include telephone, television, maid service, food, transportation, valet service, and parking service and that some of these services are provided with no extra cost while others are quite costly and can comprise a substantial portion of the total amount billed. Appellant takes the position that to prepare adequately her defense, she required notice of all services alleged to have been secured because if the services are those that are charged separate from the room, any defense to those could make the difference between a felony conviction and a misdemeanor conviction.

■ While we agree that the indictment in the present case could have been drafted in more precise language, we do not find it so indefinite as to be subject to a motion to quash. The language of the indictment clearly narrows down and confines the nature of the services provided to those classified as "lodging" under subsection 7(C) *supra.* The fact that the amount billed for lodging included charges for telephone calls does not affect the classification of the offense as a felony as contended by appellant since the total amount billed for rental of the room is $269.00. Thus the amount billed for "phone calls" was not necessary to be alleged or proved in order to secure a felony conviction. Therefore, the facts sought are not essential to giving notice. We conclude that the indictment set forth in plain and intelligible language sufficient information to enable the appellant to prepare her defense. The trial court did not err in overruling the motion to quash. Appellant's first ground is overruled.

In a second ground, appellant contends that the indictment was fatally defective for the same reason as stated in her first ground. Based on our disposition of appellant's first point, we overruled appellant's second ground.

Appellant challenges the sufficiency of the evidence to support the conviction in grounds of error Nos. three, four, five and six. Appellant contends that the evidence is insufficient because the State failed to prove that the value of the services secured by deception exceeded $200 as alleged in the indictment.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the judgment (where the trial court acts as the trier of fact), or the verdict (where the jury is the trier of fact). *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983).

The evidence adduced at trial reflects that Twilla Cook, manager of the Holiday House Inn, testified that appellant, Sandra Cheney, registered at the Holiday House on the three occasions in question. She identified the three registration cards upon which the charges for each of the occasions in question were recorded and, pursuant to the provisions of the business records act, TEX.REV.CIV.STAT.ANN. art. 3737e sec. 1 (Vernon Supp.1985), the registration cards were admitted in evidence as State's exhibits two, three and four.

Cook testified that she registered appellant into the Holiday House on the evening of November 16, 1980. Appellant came by the lobby on November 18, told Cook that she was checking out and instructed Cook to bill her employer, Landmark Cablevision, in Brownfield. Cook knew that appellant was employed as a manager of Landmark Cablevision. The bill totalled $69.80 including $26.00 in telephone charges, as re-

flected by State's exhibit 2 and Cook's testimony.

State's exhibit 3, a Holiday House registration card, shows that appellant again checked into the Holiday House on November 24, 1980 and checked out on November 27, 1980. Cook testified that she did not register appellant in but did check appellant out on the 27th and that appellant again told her (Cook) to bill Landmark Cablevision.

State's exhibit 4, a Holiday House registration card, reflects that appellant checked in on December 8, 1980. Cook testified that she took the reservation from appellant by telephone on December 8. Appellant told Cook that she would be getting in late and asked Cook to go ahead and register her. Cook registered appellant and assigned her a room. Cook testified that she did not check appellant out and that appellant checked out by telephone. State's exhibit 4, the Holiday House registration card, reflects that the bill totalled $163.50 for five days. Cook testified that she did not see appellant during the five-day period, but did talk with appellant several times during that period by telephone.

Cook further testified that she sent several bills to the Landmark Cablevision office at Brownfield and received no response. Appellant was manager of that office from August, 1980 through May of 1981.

The evidence reflects through the testimony of Dale Mathis and Carroll Boyce, regional directors for Landmark Cablevision, that appellant in her capacity as office manager of the Brownfield office, had no authority to charge rooms to the company and that neither of them had ever given appellant permission to charge any rooms to the company.

On appeal, appellant contends that the State failed to prove the aggregate value of the services secured by her by deception was more than $200 as alleged in the indictment because the State presented no evidence that appellant made any representation that Landmark Cablevision was to be billed for her December 8th stay and that

when the $163.50, which represents the value of the services alleged to have been secured on or about December 8, is excluded, the remaining value of services alleged to have been secured totals $155.77, less than the $200 minimum needed to sustain a felony conviction. She argues that as a consequence thereof, the evidence is insufficient to prove theft of services of a value of $200 or more but less than $10,000. We do not agree with appellant's argument.

TEX. PENAL CODE ANN. sec. 31.-01(2)(A) & (B), (Vernon 1974) defines "deception" to mean:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

*Id.*

■ While we agree that the record fails to reflect that appellant verbally directed Cook to bill Landmark Cablevision for her December 8th stay, the evidence does reflect that when appellant checked out of the Holiday House by telephone five days after checking in on December 8th, she made no effort to pay the bill or to inform Holiday House that the December 8th bill was to be treated any differently from the bills for her two previous recent stays. Clearly, appellant by her own conduct created the impression that her employer would pay for her December 8th stay as it would pay for her two previous stays. Consequently, it was reasonable for the unsuspecting Holiday House to assume that the bill for her December 8th stay was to be treated the same as the two previous bills and billed to Landmark Cablevision. *See Mount v. State*, 167 Tex.Cr.R. 7, 317 S.W.2d 212, 216 (1958). Clearly by her conduct, appellant deceived Holiday House by creating a false impression which she

knew not to be true and/or by failing to correct a false impression of fact that she knew not to be true, both of which likely affected the judgment of the personnel of Holiday in the transaction. We find the evidence sufficient to establish that appellant represented that her employer, Landmark Cablevision, would pay for her December 8th stay. Further, we find the evidence sufficient to establish that all the services obtained by appellant resulted from the same scheme and continuing course of business so that the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense. We hold the evidence sufficient to support the conviction for theft of services of a value of $200 or more, but less than $10,000. Accordingly, appellant's third, fourth, fifth and sixth grounds are overruled.

Appellant contends in her seventh and eighth grounds that the court's charge contains fundamental error because "service" is incorrectly defined. The record reflects that in paragraph 2 of the charge, "service" is defined as follows:

"Service," as used herein, includes labor and professional service.

■ Appellant at no time objected to that portion of the charge of which she now complains; therefore, error other than fundamental error is waived. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Crim.App.1979). The standard by which we review appellant's claim of fundamental error is whether "the error is so egregious and created such harm that appellant 'has not had a fair and impartial trial'" *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). The degree of harm must be judged in light of the entire jury charge, the evidence, the argument of counsel and any other relevant information shown in the record. *Almanza,* 686 S.W.2d at 171.

■ After reviewing the charge as a whole as well as the evidence presented at trial, it is clear that the "service" allegedly stolen was the use of a motel room. We conclude the error in the definition of "service" does not rise to the level of fundamental error. Appellant's seventh and eighth grounds are overruled.

In grounds of error nine and ten, appellant contends that the trial court erred in that part of the charge that applied the law to the facts because it, in effect, assumed as established two essential facts, to wit: (1) all of said amounts of said services were obtained under the same scheme and continuing course of conduct, (2) the aggregate amount of the stolen services was of the value of $200.00 more, but less than $10,000, as alleged.

The application paragraphs provide as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 11th day of November, 1980, in Terry County, Texas the defendant, Sandra Cheney, anterior to the presentment of this Indictment did then and there rent and engage the use and services of a motel room for lodging from W.T. Gibbs, the owner thereof, who then and there had possession of said room, with intent to avoid payment for such service and lodging that she knew was provided by said owner for compensation, and the said Defendant did intentionally and knowingly secure such services and lodging having a value of $69.80 from said owner by deception to wit: representing that Defendant's employer, Landmark Cablevision, would pay for said services, knowing said representation was false; did knowingly and intentionally abscond and avoid payment for such service and lodging of said value after the same was provided her by said owner; and,

Further, said defendant on or about the 24th day of November, 1980, in Terry County, Texas, did then and there rent and engage the use and services of a motel room for lodging from W.T. Gibbs, the owner thereof, who then and there had possession of said room, with intent to avoid payment for such service and lodging that she knew was provided by said owner for compensation and the said defendant did intentionally and knowingly secure such services and lodging hav-

ing a value of $85.97 from said owner by deception, to wit: representing that Defendant's employer, Landmark Cablevision, would pay for said services, knowing said representation was false; did intentionally and knowingly abscond and avoid payment for such service and lodging of said value after the same was provided her by said owner; and, Further, said defendant on or about the 8th day of December, 1980, in Terry County, Texas, did then and there rent and engage the use and services of a motel room for lodging from W.T. Gibbs, the owner thereof, who then and there had possession of said room, with intent to avoid payment for such service and lodging that she knew was provided by said owner for compensation and the said Defendant did intentionally and knowingly secure such services and lodging having a value of $163.50 from said owner by deception, to wit: representing that Defendant's employer, Landmark Cablevision, would pay for said services, knowing said representation was false; did intentionally and knowingly abscond and avoid payment for such service and lodging of said value after the same was provided her by said owner; *And all of said amounts of said services were obtained, as alleged, under the same scheme and continuing course of conduct of the Defendant, and the aggregate of the amounts of services stolen was of value of $200.00 or more, but less than $10,000;* then you will find the defendant guilty as charged of theft of service.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

[Emphasis added.]

At trial appellant objected to paragraph 5 of the court's charge as follows:

Further, Defendant would say that the Defendant—that as to Paragraph 5, the Court does not require, after the last alleged incident for the $163.50, and that the Jury further find, so that it is qualified, all said amounts shall aggregate the

amounts of services of more than $200.00, but less than ten thousand it does not qualify that; it only puts the "and," and that because it does not condition the submission of that upon a requirement that the Jury further find, that it aggregates $200.00 and less than ten thousand, the Defendant may be convicted of an offense of less than the jurisdictional limits of $200.00 or more, and be found guilty of events when it's— because the Jury is confused and not qualified.

Specifically, appellant contends that the emphasized portion should have been prefaced with "further" or some other language indicating to the jury that it must find beyond a reasonable doubt those facts. Appellant contends that the charge allows the jury to convict without first finding all the acts were committed in the same scheme and continuing course of conduct and that the aggregate amount of the services stolen was of the value of $200.00 or more, but less than $10,000.00.

In support of her contention appellant cites *Andrews v. State,* 652 S.W.2d 370 (Tex.Crim.App.1983). The application paragraph in *Andrews* reads as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, William Andrews, in Harris County, Texas, on or about the 7th day of August, 1980, did, knowing the content and character of the material, intentionally sell to O.W. Farrell *obscene* material, namely one magazine entitled "Swedish Erotica No. 25" *which depicts and describes patently offensive representations of actual or simulated sexual* intercourse, and oral sodomy, then you will find the defendant guilty of the alleged offense.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty." 652 S.W.2d at 373.

The Court of Criminal Appeals held that the application paragraph of the charge, "... eliminated from the State's burden a

key element of the offense it had to prove before a valid conviction could occur, that is, whether the magazine depicted and described patently offensive representations of actual or simulated sexual intercourse, anal intercourse, and oral sodomy", *Id.* at 374.

The Court further held that the application paragraph was subject to the defendant's objections and the trial court erred in not sustaining the objections. *Id.*

Appellant contends that in the present case the application paragraph in the charge is defective for the same reason the charge in *Andrews* was defective, and therefore, Appellant's objections to the charge should have been sustained, and for these reasons appellant asks this Court to reverse appellant's conviction.

 We have carefully reviewed the charge in the present case and conclude that the charge in the present case does not suffer from the same infirmity as the charge in *Andrews.* The general rule is that it is usually permissible to track the pertinent part of the charging instrument when preparing the application paragraph. *Andrews,* 652 S.W.2d at 374. In the present case, the application paragraph tracks the indictment. In the first sentence of the application section of the charge, the jury is instructed "Now if you find from the evidence beyond a reasonable doubt...." However, instead of repeating in the next two paragraphs applying the law to the facts in reference to the other alleged transactions the paragraph begins with *"Further."* The last paragraph, although set off as a separate paragraph in the charge as in the indictment, begins with *"And."* Reading the application paragraph as a whole, it is clear that each separate portion incorporates the opening phrase including the complained of portion. Additionally, the last paragraph of the application again instructs the jury that "unless you so find beyond a reasonable doubt, or you have a reasonable doubt thereof, you will acquit." While we agree that the application could have been better phrased, we do not agree that as phrased it assumes

as established two essential facts, to wit: all acts were committed in the same scheme and continuing course of conduct and that the aggregate amount of services stolen was of the value of $200.00 or more, but less than $10,000.00. We hold that the trial court did not err in overruling appellant's objection. Appellant's ninth and tenth ground are overruled.

 In her eleventh ground, appellant contends that the trial court erred in refusing to charge the jury, after proper request, on the lesser included offense of misdemeanor theft. The crux of appellant's argument is that the State failed to prove the December 8, 1980, transaction which totaled $163.50 and, therefore, failed to prove felony theft of services because when the $163.50 is subtracted from the aggregate amount of the services allegedly stolen, the amount is less than the $200.00 amount required to constitute a felony. Appellant argues that the amount proved is sufficient to support misdemeanor theft only. A charge on a lesser included offense does not have to be submitted unless there is evidence that the appellant, if guilty, is guilty only of the lesser included offense. *Bravo v. State,* 627 S.W.2d 152, 157 (Tex.Crim.App.1982) (en banc); *Royster v. State,* 622 S.W.2d 442, 446–47 (Tex. Crim.App.1981). For the reasons stated in our disposition of appellant's third, fourth, fifth and sixth grounds of error wherein we found the evidence sufficient to prove all three transactions pled, we overrule appellant's eleventh ground finding that the evidence does not show that appellant, if guilty, is guilty only of misdemeanor theft.

Judgment affirmed.