Raymond LANG, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00776–CR.

Court of Appeals of Texas, Dallas.

Sept. 24, 1985.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Anne B. Wetherhold, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., SPARLING and VANCE, JJ.

GUITTARD, Chief Justice.

This case is before us on remand from the court of criminal appeals. We affirm the conviction.

Appellant was indicted for theft of a ring. The complainant testified that she permitted appellant to have temporary possession of the ring for a brief inspection and that he failed to return it to her. The indictment alleged that appellant appropriated the ring "without effective consent since no assent in fact was given by the owner." The court's charge authorized the jury to convict if the State should establish "that at the time of the appropriation, if any, the defendant appropriated the same by means of deception." On original submission we reversed on the ground of "fundamental error" in that the charge authorized conviction on a theory not alleged in the indictment. *Lang v. State*, 642 S.W.2d 68 (Tex.App—Dallas 1982), *rev'd and remanded*, 691 S.W.2d 692 (Tex.Crim.App. 1985). We relied on the definition of "fundamental error" in *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979).

Since our original opinion was issued, the court of criminal appeals has overruled *Cumbie* in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985), and, accordingly, has remanded the present case to this court for us to determine whether the error was "so egregious and created such harm that appellant has not had a fair and impartial trial." *Lang*, 691 S.W.2d at 692. We hold that the error was not "egregious" and,

therefore, was waived by appellant's failure to object.

On remand the State again contends that the charge was not erroneous. We decline to reconsider our holding on this point because we interpret the opinion of the court of criminal appeals as approving that holding. We see no reason for that court to remand the case to us to determine whether the error was egregious unless that court had rejected the State's contention that there was no error in the charge.

On remand we are directed to determine the question of whether the error in the trial court's charge was fundamental error by reviewing:

the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Lang*, 691 S.W.2d at 692.

In deciding this question, we must observe the distinction carefully elaborated in *Almanza* between the two standards of review found in article 36.19 of the Texas Code of Criminal Procedure (Vernon 1981). The first is whether the error is "calculated to injure the rights of the defendant," the standard for determining whether the error is serious enough to require reversal if the court's attention is called to the error by a timely objection. *Almanza*, 686 S.W.2d at 171. The second is whether the error is so "egregious" that the appellant "has not had a fair and impartial trial," the standard for determining whether the error is serious enough to require reversal even if the trial court's attention is not called to the error by timely objection. 686 S.W.2d at 171.

■ Since appellant did not make a timely objection in the trial court, we must determine whether a charge that authorizes conviction on a theory not alleged in the indictment deprives the accused of a "fair and impartial trial." *Cumbie* stood for the rule that such an error does deprive the accused of a "fair and impartial trial," but *Cumbie* was expressly overruled in *Almanza*. As an example of an "egre-

gious error" of the kind recognized by *Almanza*, Judge Clinton, in his concurring opinion in the present case, cites *Ross v. State*, 487 S.W.2d 744 (Tex.Crim.App.1972). In *Ross*, as Judge Clinton observes, the error in a charge authorizing conviction under a theory not alleged in the indictment was held to be "fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair trial" because the evidence was "insufficient to support a conviction ... under the allegations of the indictment." *Ross*, 487 S.W.2d at 745. The present case does not fall into this category because, as we held in our original opinion, the evidence is sufficient to support the conviction under the allegations of the indictment. We so held in our original opinion because we concluded that although appellant initially had possession of the ring with the owner's consent, the evidence is sufficient to show that his appropriation of the ring by failure to return it was "without effective consent since no assent in fact was given by the owner," as the indictment alleges.

■ However, even though we have determined that the evidence is sufficient to support the allegations of the indictment, further analysis is required to determine whether the error in the charge is so egregious as to require reversal without a timely objection in the trial court. This further analysis is required because the converse of the *Ross* holding does not necessarily follow: a charge authorizing conviction on a theory not alleged in the indictment is not necessarily free from egregious error, even though the evidence is sufficient to support the allegations of the indictment.

■ Appellant argues that the variance between the allegations in the indictment and the instructions in the charge denied him a fair trial because he had no notice of and no opportunity to defend against the theory submitted in the charge. We conclude that this error was not egregious in view of the recent holding in *McClain v. State*, 687 S.W.2d 350, 353 (Tex.Crim.App. 1985), that the manner of acquisition of stolen property is "inconsequential to the evil of theft" and, therefore, need not be alleged in the indictment or proved at the

trial. According to *McClain*, "the gravamen of theft is in depriving the true owner of the use, benefit, enjoyment or value of his property, without his consent." 687 S.W.2d at 353. For our present purpose, we see no material difference between the "manner of acquisition" as discussed in *McClain* and the manner of appropriation under consideration here. By this reasoning it is inconsequential whether the indictment alleges that appellant's appropriation of the ring was without the owner's consent in fact or that her consent was obtained by deception, except to the extent that the defense may have actually been misled by the variance.

Further light on this question is shed by Judge Clinton's concurring opinion in the present case. He suggests that if counsel for appellant had objected to the charge and had persuaded the trial court to substitute instructions that comported with the indictment, he might have been in a better position to convince the jury that, contrary to the allegation that "no assent in fact was given by the owner," the complainant did indeed give appellant permission to take the ring. *Lang*, 691 S.W.2d at 693–94 (Clinton, J., concurring). On the other hand, counsel may have made the judgment that he had a better chance to convince the jury under the erroneous charge as given. We are not required to review counsel's trial strategy. Having chosen not to make an objection, which the trial court, presumably, would have sustained, counsel cannot plausibly argue that appellant was deprived of a fair and impartial trial.

In our view, jury charges qualifying as "polished jewels," *Almanza*, 686 S.W.2d at 178–80 (Teague, J., dissenting), are more likely to result from the assistance of counsel in pointing out such errors by timely objections than from permitting such objections to be reserved for appeal. This view seems consistent with the policy underlying article 36.19 and its forerunners as interpreted in *Almanza*. It is also consonant with our adversarial system of justice, which relies on advocacy to protect the parties' rights, as distinguished from an inquisitorial system, which relies primarily on the initiative of the judge.

Perhaps the decision counsel actually made, if he recognized the error, was to forego the objection to the variance and assert "fundamental error" on appeal. Under *Cumbie* he made the right choice, as we held in our original opinion, but by the hindsight of *Almanza*, he did not. He cannot plausibly argue that the defense was prejudicially misled by the variance because the evidence at the trial raised no issue concerning the manner in which appellant appropriated the ring. Rather than disputing the manner of taking as related by the complainant, appellant denied the taking and presented an alibi. We conclude that the jury was just as likely to find that appellant appropriated the ring without the owner's "assent in fact" as to find that he appropriated it by deception.

In summary, we hold that in the light of all the evidence in the present case and in view of the sufficiency of the evidence to support a conviction under the allegations of the indictment, the failure of the charge to comport with the allegations of the indictment was not fundamental error because this error was not so egregious as to deprive appellant of a fair and impartial trial. Accordingly, all of appellant's grounds of error are overruled.

Affirmed.